The State of Kansas v. Charles D. Brandon.

Appeal *in Criminal Cases—Practice.* In a criminal case where the State attempts to take an appeal from the District Court to the Supreme Court, it is not sufficient to serve the notice of appeal on the counsel of record for the defendant in the court below.

*Appeal from Saline District Court.*

The defendant *Brandon* was charged by information with the crimes of burglary and grand larceny. The case was tried, and a verdict returned as follows:

"We, the jury sworn and empanneled in this action, do on our oaths find Charles D. Brandon guilty of grand larceny to the amount of $50.00."

The defendant filed a motion in arrest of judgment, which was sustained by the court, and the defendant was discharged. The State excepted, and undertook to bring the case to this court by appeal. The notice of appeal

was not served on the defendant personally, and the court declined to entertain jurisdiction of the case.

*G. G. Lowe,* county attorney of Saline county, for the State.

*By the Court,*

VALENTINE, J.: This is a criminal case, tried in the district court of Saline county, and brought to this court by the State. But the State in bringing it here did not comply with section 285, of the code of criminal procedure, (Gen. St., p. 866,) which provides that if the appeal be taken by the State a notice of the appeal " must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

The State served the notice upon the clerk, as provided in the first part of said section, but did not serve any notice on the defendant, or post up any notice in the clerk's office, as required by the latter part of said section. The State served a notice on J. H. Snead and John Foster, counsel of record, in the court below, for the defendant; but such a service or notice, is no better than no notice at all. We would also add, that the defendant has made no appearance in this court either in person or by counsel.

From the foregoing it follows that no appeal has in fact been taken; hence the plaintiff's supposed appeal must be dismissed. *

All the Justices concurring.

[ * THIS case was brought here again by the State, and was heard and decided on its merits, at the January Term, 1871.]