## THE STATE OF KANSAS v. F. W. VOLMER.

1. INTOXICATING LIQUORS—*Sale of.* The sale of spirituous, vinous, fermented and other intoxicating liquors, without a license, is a *criminal offense* and a *misdemeanor.*

2. ——— *Proof of.* After the State has proved that the defendant sold lager beer, the State may then prove (if it be denied by the defendant) that lager beer is an intoxicating liquor.

3. ——— *Presumption of Law.* Under the statutes of this State, all fermented liquor is presumed to be intoxicating; and if the defendant denies that the fermented liquor sold by him is intoxicating, it devolves upon him to remove the presumption of the law by evidence.

4. PRACTICE—*Evidence.* It would seem that a third party's advertisement in a newspaper is not admissible in evidence.

5. ——— *Instructions.* The court is not bound to repeat its instructions to the jury. (Affirming *Topeka v. Tuttle,* 5 Kas., 311.)

### Error from Lyon District Court.

COMPLAINT was made before a justice of the peace, alleging that the defendant *F. W. Volmer,* "did, on the 24th of May, 1870, in a certain one and one-half story frame-building, situate on Lot No. 6, on Commercial street, in Randolph's addition to the city of Emporia, sell spirituous, vinous, fermented, and other intoxicating liquors, to one John Wood, without having at the time a license as grocer, dramshop-keeper, or tavern-keeper." Volmer was convicted, and removed the cause to the district court by appeal, where the cause, at the June Term, 1870, was again tried.

The record does not purport to contain all the evidence, nor all the instructions of the court; but from the transcript it appears that testimony was given on the part of the State showing that defendant *Volmer,* at the time and place designated, sold to Wood "one glass of fermented liquor commonly called *beer,* and that defendant did not have any "license as grocer, dramshop-keeper, or tavern-

keeper." Wood testified that he *called* for "lager beer"
—that it looked like lager beer, and he thought it like
the lager beer drank in other places; that it was manufac-
tured at the brewery of Macke & Co., in Emporia.

The defendant re-called *Wood*, who said that the beer
bought of defendant did not intoxicate him. *Max Mul-
schuster*, a member of firm of "Macke & Co." testified
that his firm had not made any "lager beer;" that the
beer brewed by them was called "young beer;" which
contains less malt, less hops, and less alcohol than "lager
beer;" that he could not drink enough "young beer,"
nor of "lager beer" to make him drunk, and that it was
his opinion that lager beer could not make any man
drunk. *F. C. Steimel* testified that he was a physician, a
graduate, that he had a diploma, and had been in practice
ten years; that "young or new beer cannot be taken in
"the human stomach in quantity sufficient to *intoxicate*;
"that it will *stimulate*, but cannot destroy consciousness;
"that a person might drink *two or three gallons*, lie down
"awhile, then drink *another gallon;* that he might become
"*highly stimulated*, but not intoxicated. *None of these beers
"can intoxicate.* Intoxication proper differs from the stimu-
"lation produced by young beer *in degree only, not in kind.*"
This medical witness was corroborated in his judgment
by several unprofessional witnesses.

The State, in rebutting, called *J. V. Randolph*, who
testified that "lager beer" would intoxicate; that he had
seen several persons made drunk from drinking it; that
the beer manufactured by Macke & Co., tasted like lager
beer, and *had the same effect.*" The opinion of this wit-
ness was corroborated by the testimony of ten other wit-
nesses. The State also called *W. G. Main*, publisher of
the "*Emporia Tribune*," who testified that a certain adver-

tisement in said *Tribune* was published by order of "Macke & Co." The State then gave in evidence, (over defendant's objection,) said advertisement, which stated that "Macke & Co.," brewers, were "prepared to supply the public with an excellent article of *fresh lager beer*," etc

The jury found a verdict of guilty. Motions for a new trial, and in arrest of judgment, were overruled, and defendant was sentenced to pay a fine of fifty dollars, and costs, and to be committed until paid. *Volmer* excepted to the testimony, the instructions, the judgment, etc., and brings the case here by appeal.

*Chamberlin & Newell*, for appellant:

1. The motion to quash should have been sustained. The information did not charge a public offense, that is a "misdemeanor."

Selling liquors without license is not, and never was a misdemeanor at common law. 2 Park. Cr. R. 168; 3 id., 612.

Section 3 of the Dramshop Act, (ch. 35, Gen. Stat., p. 400,) mentions a *first* offense, and a *second* offense. For the first a fine only is prescribed; the *second* is declared a "misdemeanor," and the party guilty is to be indicted, etc.

In cases where no penalty or punishment is prescribed by the statute, then the offender may be punished as for a misdemeanor; but if a penalty be prescribed by the statute creating the offense, then that remedy must be strictly pursued. 1 Arch. Cr. Law, 4, note 3; *The State v. Mare*, 6 Humph., 17.

It follows that, as said § 3 did not declare the first offense to be a misdemeanor, and almost in terms declared it not to be; and as the selling of fermented liquors is not an offense *mala in se*, and therefore not a misdemeanor at

common law, and as the said section prescribed a fine for the infraction of the prohibition, the State cannot recover such fine by prosecution as for a misdemeanor, but must do so by a *qui tam* action for the penalty. In such cases, the remedy marked out by the statute must be strictly pursued. In other words, as the statute declared the first selling not to be a misdemeanor, or did not in terms declare it to be a misdemeanor, the penalty cannot be recovered by prosecution as for a misdemeanor, because such selling is not a misdemeanor either by statute or common law. Cases cited *supra.*

Statutes which abridge common-law rights must be strictly construed. 3 Park. Cr. Rep., 612, 617.

The phrase, relating to the *second* offense, "or may be indicted for a misdemeanor," is mere surplusage, or there are two methods of punishment, and for the *first* offense no indictment or information will lie. 4 Denio, 235.

We invite attention to the cases cited in *The Commissioners v. Taylor,* 21 N. Y., 173, where, under a statute almost identical, the civil remedy was pursued, notwithstanding the statutes of the State declared all infraction of positive prohibition of a statute to be a misdemeanor.

Courts have not the power to correct defective legislation. Their duty is to administer the law as they find it, and where it is ambiguous to interpret it by certain recognized rules and principles, and penal statutes are to be construed strictly.

2. The court erred in not directing a verdict for the defendant. The State had failed to show that the fermented beer admitted to have been sold by the defendant was under any circumstances intoxicating. It was incumbent upon the State to show this affirmatively. The text is, "Any spiritous, vinous or fermented, or other *intoxica-*

*ting* liquors." Thus declaring that any spiritous, vinous, or fermented liquors to be within the inhibition of the statute, must be *intoxicating,* otherwise the sale without license would not be prohibited. If this were not the true construction, then the sale of ginger beer, root beer, molasses beer, and other harmless beverages, would be prohibited. *The People v. Hart,* 24 How. Pr. R., 289; 3 Denio, 437; 6 Park. Cr. Rep., 359; 21 N. Y. 174.

3. The verdict is opposed to the great weight of testimony. Defendant was convicted, not because he sold *intoxicating* beer, but because "lager beer" was proven to be intoxicating. The defendant sold "young beer," and he proved beyond all controversy that such beer could not produce intoxication. The motion in arrest of judgment should have been sustained.

*Ruggles & Plumb,* for The State :

1. Can a criminal prosecution be maintained for the offense created by the first subdivision of § 3 of the Dramshop Act? We think the decision of this court in the case of *The State v. Muntz,* 3 Kas., 383, covers the whole ground.

We also call attention to § 307 of the present Crimes Act; to § 14 of the original Dram Shop Act, (Comp. L. 1862, p. 489;) to the *omission* of said § 14 in the revision of 1868, (showing the intention of the legislature to remit causes under the act to the practice established by the two acts governing criminal procedure;) and also to §§ 2, 3, 4, 5, and 6 of the Code of Criminal Procedure. Section 6 shows that the word "indictment," as used in § 307, Crimes Act, has no controlling force as applied to the particular practice to be observed in the prosecution of offenders, but is controlled by the Code of Criminal Procedure.

2. The defendant admitted that he sold to Wood a fermented liquor commonly called "beer," manufactured by Macke & Co., at their brewery; and the testimony shows that it was "lager beer."

3. The State had the right to prove the effect of lager beer, in rebuttal—because there was testimony showing that the particular beer sold was lager beer—of the weight of which testimony, the jury were the sole judges; and because defendant's witnesses had enforced their statement that Macke & Co.'s beer would not intoxicate, by saying that *lager beer* would not intoxicate. And the State had a right by analogy, or relative proof, to show that the beer actually drank was intoxicating.

4. All spirituous, vinous, and fermented liquors are presumed to be *intoxicating*, and no proof on the subject was necessary or even proper.

What other fair construction can the language bear? Spirituous, vinous, and *"fermented"* liquors, are all classed together; the same rule applies to each, and they are all "intoxicating." 18 Pick., 228.

Suppose the State had proven that the defendant had sold whisky? Would he have been allowed to offer proof that it was not intoxicating? 2 Gray, 515.

The intention of the legislature was to prevent the occurrence of cases like the present, by which the law would be one thing in one community, and entirely another and different in another community, depending upon the varying shades of belief in regard to what "intoxication" consisted of, and the diverse sentiment in regard to the sale and use of intoxicating liquors.

The word "beer" unqualified, of itself, and without any statutory construction whatever, is an intoxicating

liquor.   14 Ohio, 586;  *The People v. Wheelock*, 3 Parker's Crim. Rep., 9; 21 N. Y., 178; 12 Mo., 407; 16 Mo., 389.

The opinion of the court was delivered by

VALENTINE, J.: This case was commenced originally before a justice of the peace, whence it was appealed to the district court, and from the district court to this court. The qustions to be decided are three:

I. The sale of spirituous, vinous, fermented and other intoxicating liquors without a license, is a criminal offense, and a misdemeanor; (Gen. Stat. p. 400, § 3;  p. 820, §§ 2, 3,  4,  5, 6;  p. 878, § 1; p. 383, §§ 307, 308; Laws of 1869, p. 149; *State v. Muntz*, 3 Kas., 387;) and such offense may be prosecuted like any other criminal offense of like magnitude.

*1. Sale of intoxi-cating liquors without license.*

II. After the State has proved that the defendant sold lager beer, the State may prove, (if it be denied by the defendant,) that lager beer is an intoxicating liquor.

*2. Whether liquor is intoxicating, may be shown by proof.*

The witness Wood, who bought the beer from the defendant, testified that he called for lager beer, got what looked and tasted like lager beer; and that he thought it was lager beer.   This was evidence, of itself, sufficient to prove *prima facie*, that the beer sold was lager beer; (1 Iowa, 374, 379;) and sufficient as a foundation to give the State the right to prove, when denied by the defendant, that lager beer is an intoxicating liquor.   It was an admission on the part of the defendant, when he sold the beer, that it was lager beer.   Wood also testified that it was like lager beer that he had drank in other places. There was other testimony tending to show that it was lager beer; and even the defendant's testimony tended to prove that it was simply lager beer of a weak kind, pos-

sessing less malt, less hops, and less alcohol than a good quality of lager beer.   The defendant calls it new beer or young beer.

III. Under the statutes of this State, all fermented liquor is presumed to be intoxicating.   If the defendant denies that the fermented liquor sold by him is intoxicating, it devolves upon him to remove the presumption of the law by evidence.

3. Fermented liquors are presumed intoxicating.

These are all the questions really raised by the record. We think there was evidence sufficient to sustain the verdict of the jury.

On several questions we cannot tell whether the court below committed error or not.   For instance, we cannot understand upon what principle Macke & Co.'s advertisement in the *Emporia Tribune* was introduced in evidence; and there are other matters left unexplained.   But as neither the evidence nor the charge of the court is all brought to this court, it will be presumed that the action of the court below was correct.

4. Evidence—admissibility of.

As to some of the questions that the defendant has attempted to raise, we would answer as we did in the case of *Topeka v. Tuttle*, 5 Kas., 311: A court is not bound to repeat instructions to the jury, in the same or different language, or to give the law to the jury more than once; nor is the court bound to give the instructions in the exact language of the party asking them, but may give them in different language.

5. The court need not repeat its instructions.

The judgment of the court below is affirmed.

All the Justices concurring.