F. W. NEITZEL v. THE CITY OF CONCORDIA.

1. CRIMINAL LAW; *Prosecutions under City Ordinances; Appeal.* A prosecution in a municipal court under a city ordinance for a matter which is penal by the laws of the state, or made penal because of its supposed evil consequences to society, is a criminal action; and if after an appeal to the district court, and a judgment therein, it is sought

to bring the case to this court for review, it can be done only by appeal, and not by proceeding in error.

2. ——— Whether the rule would be different if the prosecution was simply to enforce a private right of the city, is a question left open for further consideration.

### Error from Cloud District Court.

AT the August Term 1873 of the district court, *Neitzel* was convicted of "selling, and consenting to be sold, bartered and drank upon premises occupied by him in the city of Concordia fermented, vinous and distilled liquors, by the glass, without having obtained a license from said city, and contrary to the ordinance of the city of Concordia in such case made and provided." The action was commenced in the police court in the name of *The City of Concordia,* as plaintiff. *Neitzel* brings the case to this court by "petition in error," and *The City* moves to dismiss such petition.

*C. K. Wells,* and *F. W. Sturgis,* for The City, in support of the motion.

*L. J. Crans,* for plaintiff in error, contra.

The opinion of the court was delivered by

BREWER, J.: Neitzel was convicted in the police court of the city of Concordia upon a charge of selling liquors without a license, and fined one dollar. He appealed to the district court, where he was again found guilty, and sentenced to pay a like fine. This judgment he seeks to reverse in this court, and he has brought it here by case made, and petition in error; and the first point made is, that this is a criminal case, and can be brought to this court only by *appeal,* and by notice to the clerk and attorney. No notice appears in the record; and it is well settled that notice to the clerk is essential to perfect the removal of a criminal case to this court for review: *The State v. King,* 1 Kas., 466; *Carr v. The State,* 1 Kas., 331; *The State v. Brandon,* 6 Kas., 243; *The State v. Baird,* 9 Kas., 60; *The State v. Boyle,* 10 Kas., 113. The only question then is, whether a prosecution for selling liquor

without a license from a city, commenced in the municipal court of such city, is a criminal action. The sale of liquors without license is by statute a criminal offense; and when the prosecution is for a violation of the state law, it is unquestionably a criminal action. (Dramshop Act, Gen. Stat., 400, § 2; *The State v. Volmer*, 6 Kas., 371.) It may be remarked that the two cases against *Volmer* reported in the 6th Kansas were really brought to this court by appeal, and not on "error," as stated in the report. (See "Errata," 6 Kas., p. 14, and the last line of the "statement of the case," 6 Kas., pp. 373, 381.) In the subsequent case of *The City of Emporia v. Volmer*, 12 Kas., 622, it was decided that notwithstanding § 17 of art. 3 of the constitution, which provides that all prosecutions shall be in the name of the state, prosecutions by a municipality in its own courts, for a violation of one of its ordinances, might be in the name of the municipality. It was not intended by that decision to hold that such prosecutions were not criminal actions, but that they were not the kind of prosecutions intended by the constitutional provision. That applies to prosecutions brought by the state in its own courts, the courts provided for in the article of the constitution in which this provision is found. The authorities cited in the opinion in that case, particularly that of *The City of Davenport v. Bird*, 34 Iowa, 524, sustain that distinction. Following that, in the case of *The City of Burlington v. James*, brought here on appeal, counsel (probably misled by the opinion in the Volmer case,) filed a motion to dismiss the appeal on the ground that not being a criminal action it could only be brought here on error. This motion was overruled, though the case not being finally disposed of no opinion in it has yet been written. In the decision of that motion we reached the conclusion that, so far at least as cases of this kind are concerned, that is, cases in which the matter of the charge is penal under the laws of the state, or made penal because of its supposed evil consequences to society, the prosecution, though under a city ordinance, and in municipal courts, is to be deemed a criminal prosecution. As to all

those prosecutions which are merely to enforce some private right of the city, the question is left open for further consideration. See upon this question, *Goddard, Petitioner,* 16 Pick., 504; *State v. Stearns,* 11 Fost., (N. H.) 106; *Fink v. Milwaukee,* 17 Wis., 26. The matter is somewhat discussed in Dillon on Munic. Corp., §§ 344 and 345, and in the cases cited in the notes thereto. We are aware of some definitions in the statute which seem to contradict the opinions here expressed. See particularly, Gen. Stat., p. 631, §§ 7 and 8, civil code. But it is not in the power of any body, legislative or other, by definitions to change the inherent nature of things. The legislature cannot by calling an action on a note a criminal action make it one. And again, subsequent to 1868, and in 1871, the legislature provided for these prosecutions in cities of the third class, (Laws of 1871, pp. 118, 136, 140,) and therein authorized proceedings consistent only with the idea that they are criminal actions. Upon the case therefore, as it is presented to us, we are of the opinion that it is a criminal action, and can only be brought to this court by appeal.

The petition in error must therefore be dismissed.

All the Justices concurring.