NOT DESIGNATED FOR PUBLICATION

No. 126,677

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ISAIAH J. DUCKWORTH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Submitted without oral argument. Opinion filed October 25, 2024. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Suzanne Valdez*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Isaiah J. Duckworth appeals his sentence after pleading no contest to two counts of aggravated sexual battery. The district court sentenced Duckworth to a 79-month prison sentence and imposed lifetime postrelease supervision. Duckworth argues that this is an illegal sentence. He contends that by finding that he was 18 or older at the time he committed the crimes, as was necessary to lengthen his postrelease supervision term to life, the district court improperly engaged in judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). After receiving supplemental briefing from the parties, we affirm.

1

*Factual and Procedural Background*

Duckworth entered a no-contest plea to two counts of aggravated sexual battery in violation of K.S.A. 21-5505(b)(1), a severity level 5 person felony, for his conduct with a 16-year-old victim. At the plea hearing, the district court reviewed the plea advisory and plea agreement that Duckworth had executed before the plea hearing. The factual basis for Duckworth's pleas included the victim's testimony that she felt powerless to stop Duckworth because "he is a grown man." The plea advisory included Duckworth's attestation that he was 35 years old at the time he signed it. It set out the consequences of Duckworth's decision to enter a no-contest plea and instructed Duckworth to initial next to many constitutional rights to show his understanding and waiver of such rights. Duckworth acknowledged by his initials that he understood the minimum and maximum penalties for both of his crimes, including that his term of postrelease supervision would be for "Life."

After Duckworth swore that he had read the plea advisory and fully understood his rights and the rights he was waiving by entering his plea, the district court accepted his no-contest pleas. The district court found that the evidence presented at the preliminary hearing provided a factual basis for Duckworth's freely, voluntarily, and intelligently made pleas. Before the conclusion of the plea hearing, Duckworth executed a notice of his duty to register as a sex offender form which stated his date of birth as July 12, 1987.

Before sentencing, Duckworth moved for a downward durational departure. He argued that although he was facing a standard presumptive prison sentence of 44 months based on his criminal history score of F—as classified in the presentence investigation (PSI) report—substantial and compelling reasons warranted a departure to 32 months. That PSI report identified Duckworth's age as 35 at the time he committed the crimes, showed Duckworth had 12 prior adult convictions, and reflected that Duckworth's convictions in this case required lifetime postrelease supervision.

At the sentencing hearing, Duckworth's counsel informed the district court that he had received a copy of the PSI report, had reviewed it with Duckworth, and they had no objections to the PSI report. After hearing arguments from both parties and statements from the victim, the victim's mother, the victim's father, and Duckworth, the district court denied Duckworth's downward departure motion. The district court imposed the aggravated sentence of 47 months in prison for the first count of aggravated sexual battery, and the standard sentence of 32 months in prison for the second count to run consecutive. The district court also imposed lifetime postrelease supervision on both counts.

Duckworth timely appealed, challenging his sentence to lifetime postrelease supervision. After the parties submitted briefs, the Kansas Supreme Court decided *State v. Nunez*, 319 Kan. 351, 554 P.3d 656 (2024), and both parties submitted supplemental briefs addressing the impact of that case on this one.

*Did the District Court Engage in Judicial Fact-finding in Violation of* Apprendi*?*

Duckworth argues for the first time on appeal that the district court engaged in judicial fact-finding in violation of *Apprendi*, 530 U.S. at 490, by finding that he was over the age of 18 when he committed the crimes, as is necessary to impose lifetime postrelease supervision. Duckworth did not raise this *Apprendi* challenge in the district court, but he argues that this court can consider this claim for the first time on appeal because it raises a purely legal question based on undisputed facts. We agree. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Although we are under no obligation to review this newly asserted claim, *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020), we choose to reach the merits of this argument.

Duckworth contends that although he admitted his age in documents he submitted to the district court, the district court never told him that he had a right to have a jury

3

determine that he was over the age of 18, and he never waived that right. Whether a sentencing court violated a defendant's constitutional rights under *Apprendi* raises a question of law subject to our unlimited review. *State v. Huey*, 306 Kan. 1005, 1009, 399 P.3d 211 (2017).

Duckworth contends that his crime, aggravated sexual battery—a severity level 5 offense—generally carries a mandatory postrelease supervision term of 60 months. K.S.A. 22-3717(d)(1)(G)(ii). But under K.S.A. 22-3717(d)(l)(G)(i), lifetime postrelease supervision is mandatory when the offender is 18 or older and is convicted of a sexually violent crime. Duckworth agrees that his convictions for aggravated sexual battery are sexually violent crimes. See K.S.A. 22-3717(d)(5)(I). Duckworth further agrees that he admitted that he was over the age of 18 when he committed the sexually violent crimes. But still Duckworth contends that sentencing him to lifetime postrelease supervision violated *Apprendi*.

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The "'statutory maximum'" is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Court has reaffirmed *Apprendi*'s holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Under *Apprendi*,

"a defendant's constitutional jury trial rights guaranteed by the Sixth Amendment to the United States Constitution are violated by judicial fact-finding (that is, facts found by a judge rather than a jury) which increases the penalty for a crime beyond what is authorized by the facts reflected in the jury's verdict." *Nunez*, 319 Kan. at 353.

*Admissions need a knowing and voluntary waiver.*

Duckworth contends that when a defendant enters a plea, the facts admitted in a guilty plea are the only facts that a court can consider without violating *Apprendi*, citing *State v. Bello*, 289 Kan. 191, 199-200, 211 P.3d 139 (2009) (holding *Apprendi* requires vacation of life sentences imposed under Jessica's Law when neither complaint nor jury instructions included determination of defendant's age). He also contends that a sentencing court cannot consider a defendant's admission without violating *Apprendi* unless the court informs and receives a proper waiver of the jury trial right.

The Kansas Supreme Court recently issued a decision on point—*State v. Nunez*. It held: "When a defendant has made a knowing and voluntary waiver of the jury trial right, admissions by the defendant may be relied upon as facts by a sentencing court." 319 Kan. 351, Syl. ¶ 1. The court further held:

" . . . Here we hold that before a sentencing court may rely on a defense admission to increase the defendant's sentence, that admission must have been preceded by a knowing and voluntary waiver of the defendant's jury trial right. This must be so given that *Apprendi* is all about preserving and protecting a defendant's jury trial right under the Sixth Amendment. If the jury trial right was not properly waived with respect to any defense admission, that admission may not be considered by a sentencing court without running afoul of *Apprendi*." *Nunez*, 319 Kan. at 354.

5

Did Duckworth waive his jury trial right to have a jury find him over the age 18? Duckworth concedes that he waived his right to a jury trial on the elements of his crimes but contends this did not waive any right related to sentencing factors. Duckworth points to his waiver of his right to have the State "prove each element of the crime(s) with which [he was] charged to each member of the jury beyond a reasonable doubt." And the State does not contend that Duckworth's age is an element of his crimes.

But Duckworth's plea advisory has a broader waiver which includes the penalty stage:

> "If I know that if I plead guilty or no contest I am waiving my right to a trial which will relieve the State of its burden of proof. I know that there will be no trial of any kind, either before a judge or jury; and *further, I realize the Court may impose the same punishment as if I had pleaded not guilty, stood trial, and been convicted by a jury.*" (Emphasis added.)

Duckworth thus waived his right to a jury trial right on the imposition of punishment, and postrelease supervision is undeniably a part of the defendant's sentence and is considered punitive. *State v. Mossman*, 294 Kan. 901, 907-08, 281 P.3d 153 (2012). He understood that the court could impose the same punishment as if he had been convicted by a jury.

Still, Duckworth contends that such broad language fails to constitute a proper waiver "with respect to any defense admission," so his multiple admissions that he was over 18 at the time of the crimes cannot be considered by a sentencing court without flouting *Apprendi*. See *Nunez*, 319 Kan. at 354. Duckworth was never told about his right to have a jury find his age and he did not waive a jury trial as to his age—his plea agreement and plea hearing are silent about that factor. And "[a] waiver is sufficient only if the court advises the defendant of their right to a jury trial, and the defendant then personally waives that right in writing or in open court on the record. *State v. Harris*, 311

6

Kan. 371, 376, 461 P.3d 48 (2020) (citing *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 [1975])." *State v. Bentley*, 317 Kan. 222, 230, 526 P.3d 1060 (2023).

*Nunez* does not clarify how specific a waiver of jury trial on the issue of a defendant's age must be, as Nunez was tried by a jury and did not enter a plea. But the two cases *Nunez* cites, 319 Kan. at 354, for a related proposition lend some support to Duckworth's position:

> "'When a conviction is obtained through a guilty plea rather than a jury verdict,' it is the government's burden 'to seek an explicit admission of any unlawful conduct it seeks to attribute to the defendant' for *Apprendi* purposes. *Hunt*, 656 F.3d at 912 (internal quotation marks and citations omitted). Guerrero–Jasso's non-objection at sentencing to facts recited in the PSR cannot meet this standard." *United States v. Guerrero-Jasso*, 752 F.3d 1186, 1191 (9th Cir. 2014).

And:

> "The Supreme Court's equation of sentencing factors with elements of an offense compels the conclusion that, just as a defendant's admission to an element of an offense cannot be used in lieu of a jury finding unless the defendant knowingly waives his right to a jury trial on that element, so too must a defendant's admission of a fact supporting an upward sentencing departure be accompanied by a knowing waiver of his right to a jury finding on that fact before the admission may be used to enhance his sentence." *State v. Dettman*, 719 N.W.2d 644, 652 (Minn. 2006).

Because those plea cases require an explicit admission and a waiver of one's right to a jury finding on the admitted fact, Duckworth's waiver may not be specific enough to meet *Nunez*' standard. The record does not show that Duckworth was told that he had a right to a have a jury find that he was 18 at the time he committed these crimes, nor does it show that Duckworth expressly waived that right.

7

Still, we need not determine whether Duckworth has shown an *Apprendi* violation because we agree with the State's argument that any *Apprendi* error is harmless.

*Is any error harmless?*

We assume that an *Apprendi* error occurred and address whether the *Apprendi* error is harmless. The State, as the party potentially benefitting from any constitutional error, bears the burden of establishing harmlessness. *State v. Sampson*, 297 Kan. 288, 299-300, 301 P.3d 276 (2013).

*Nunez* applied this harmless error test to its *Apprendi* violation:

> "An *Apprendi* error is harmless if the reviewing court is convinced beyond a reasonable doubt the jury verdict would have been the same absent the error with regard to the omitted element, and that the omitted element was also uncontested and supported by overwhelming evidence. *State v. Brown*, 298 Kan. 1040, 1049, 318 P.3d 1005 (2014) (errors are harmless if the record contains no evidence which '"could rationally lead to a contrary finding with respect to the element that the defendant was over the age of 18 at the time of the crime"' [quoting *State v. Reyna*, 290 Kan. 666, 682, 234 P.3d 761 (2010)]); see *State v. Carr*, 314 Kan. 615, Syl. ¶ 25, 502 P.3d 546 (2022)." *Nunez*, 319 Kan. at 356.

But *Nunez* dealt with a jury trial and its test, which focuses on uncontested elements and overwhelming evidence of an omitted element, does not seem particularly well-suited for cases resolved by a plea, such as Duckworth's. Because Duckworth entered a plea, no evidence of anything, including his age, was presented to a jury so it could never be uncontested or supported by overwhelming evidence. And that would be the case for every defendant who enters a plea, yet the harmless error analysis should apply to pleas as well as to jury verdicts.

8

The State, noting that difference, invites us to consider the more focused harmless error approach set out in *Bentley*, 317 Kan. at 224. There, the district court failed to get a constitutionally sufficient jury trial waiver before the defendant stipulated to his prior conviction—an element of his charged crimes. *Bentley* recited the broader constitutional error test:

"A constitutional error is harmless only if the party benefitting from the error demonstrates 'beyond a reasonable doubt the error will not or did not affect the trial's outcome in light of the entire record, i.e., when there is no reasonable possibility the error contributed to the verdict.' *State v. Corey*, 304 Kan. 721, 731-32, 374 P.3d 654 (2016)." *Bentley*, 317 Kan. at 234.

But *Bentley* applied a narrower test:

"But we think it is appropriate to view the harmlessness inquiry here through a more focused lens. We have concluded the stipulation effectively decided the stipulated-to elements for the jury, thereby paving the way for a guilty verdict. Thus, it is logical to consider whether the error here led to the stipulation. In other words, we will review whether there is a reasonable possibility the failure to inform Bentley of his right to jury trial led to his decision to enter the stipulation." 317 Kan. at 234.

The Supreme Court found the trial court's failure to obtain a constitutionally sufficient jury trial waiver was harmless because the facts showed that Bentley would have elected to stipulate to the element of the crimes even if he had been informed of his right to submit that fact to a jury on the State's evidence. Because the error did not affect Bentley's decision to enter the stipulation, the error did not affect the trial's outcome. 317 Kan. at 236.

An admission that lacks a valid jury trial waiver appears analogous to the omission of an element of the offense, as described in *Bentley*, when there was an ineffective

9

stipulation to an element. In the plea advisory before entering his plea, Duckworth admitted that he was 35 years old, yet that admission was arguably not accompanied by valid notice of his right to a jury determination of this fact and a subsequent waiver. Similarly, in *Bentley*, the State obtained a stipulation to a fact supporting an element of the crime without a valid waiver. So we agree with the State's suggestion that Duckworth's case more closely aligns with *Bentley* than with *Nunez*.

Here, we assume the district court failed to get a constitutionally sufficient jury trial waiver on the issue of the defendant's age before accepting the defendant's plea of guilty to a Jessica's law offense. Still, nothing in the record suggests a reasonable possibility that the failure to inform Duckworth of his right to a jury trial on the issue of his age led to his decision to enter the plea. His age was an easily provable fact and Duckworth would have had no defense had the State offered evidence to establish it. Duckworth does not contend that he was under 18 when he committed these crimes. Nor is there any suggestion that Duckworth meant to defend his case based on a claim that he was under 18 at the time he committed the crimes or on a claim that the State could not prove his age at that time. And Duckworth validly waived a jury trial on the elements of his crimes and on his punishment for those crimes; we cannot think of any reason why Duckworth would do that yet would insist on a jury trial on the issue of his age. See *Bentley*, 317 Kan. at 235.

The record firmly convinces us that Duckworth would have elected to waive a jury trial on the sentencing factor of his age if he had been fully informed of his right to submit that issue to a jury on the State's evidence. We conclude beyond a reasonable doubt that the error did not affect Duckworth's decision to enter his plea and the error thus did not affect the outcome of his case.

But even if the traditional harmless error test applies, the State has shown beyond a reasonable doubt the error did not affect the outcome in light of the entire record. See

10

*Nunez*, 319 Kan. at 356 (quoting *State v. Brown*, 298 Kan. 1040, 1049, 318 P.3d 1005 [2014] [errors are harmless if the record contains no evidence which "'could rationally lead to a contrary finding with respect to the element that the defendant was over the age of 18 at the time of the crime'" (quoting *State v. Reyna*, 290 Kan. 666, 682, 234 P.3d 761 [2010]); see *State v. Carr*, 314 Kan. 615, Syl. ¶ 25, 502 P.3d 546 (2022).

Affirmed.