JAMES CARR, Appellant, *vs.* THE STATE OF KANSAS, Appellee.

The service of the notice of appeal on the clerk and on the appellee or his attorney, according to the requirements of the code of criminal procedure, constitutes the appeal, and upon that alone, the jurisdiction of the supreme court, to review the judgment and decisions of the court below, rests.

Such notice should appear in the transcript filed. The supreme court cannot assume the existence of a portion of the record not before it, nor render a judgment, which, upon the face of its own record, would appear to be without jurisdiction, although the appellee may appear and argue the merits.

The facts of the case appear in the opinion of the court.

*Otis & Glick*, for appellant.

The court erred in sustaining the demurrer of the state of Kansas to defendant's plea. (*See Const. State of Kan., Bill of Rights*, § 10.)

By this section the defendant is entitled to a speedy trial.

The discretion of the court under this clause is limited by section one hundred and ninety-nine, page two hundred and sixty-five, compiled laws.

The defendant must be tried at the second term after indictment found, if the prisoner is in jail, and if he is ready. This discharge, we hold, is final: the same as a former acquittal, or conviction, or pardon.

The law means this or nothing.

The delay specified in said section (199) only refers to the second term, and it makes no difference at whose instance the former continuance was had.

The law does not fix the manner of the discharge, whether by *nolle prosequi*, or by order of discharge.

In either event it is a discharge under section one hundred and ninety-nine, above referred to.

*J. F. Babbit and Atty. Gen'l Guthrie*, for appellee.

I. The provisions of section ten of the bill of rights in the constitution of the state of Kansrs, that "no person shall be twice put in jeopardy for the same offense," was borrowed from the common law, and has been inserted into the constitution of the United States, and in nearly, if not all, of the states of the union.

The construction given to the same at the common law was that a person could never be in jeopardy, except upon a trial upon the merits, upon a perfect indictment. It did not prohibit a second trial where the first had been disposed of in any other manner than upon the merits. (*Whar. Am. Crim. Law, p.* 263, *and cases there cited.*)

The decisions of the United States courts, and a large majority of the state courts, upon the point, are the same as at common law. (*Ib.*, 263.)

II. A party may be, and frequently is, in custody upon several indictments or commitments, and the one hundred and ninety-ninth section, page two hundred and sixty-five, of compiled laws, by limiting the discharge to the particular case in which the prosecutor had failed to bring the party to trial during the limitation, was intended to prevent the full discharge of the party from custody, where other causes of detention existed, and was not intended to make such discharge a bar to a subsequent indictment for the same offense. He is discharged only from imprisonment or recognizance; but is not acquitted of the crime, or discharged from its penalty. It is not a bar to a subsequent indiciment or trial for the same offense, and a plea of such former discharge is bad on demurrer. (*Whar. Am. Crim. Law*, 249; 3 *Yale*, *N. J.*, 143.)

III. A discharge upon proclamation, or the entry of a *nolle prosequi*, is no bar to a subsequent indictment and trial for the same offense. (*Ib.*, 249.)

IV. If the accused was entitled, upon the case stated, to such a discharge as could be pleaded in bar to a subsequent indictment, that question could only be determined by the court below upon application of the accused for such a discharge, and not upon a collateral issue.

The accused having been discharged upon the volition of the prosecution, and not by order of the court, no discharge was ordered by the court, nor was his right to such a discharge as is now claimed by him in anywise passed upon by the court.

Therefore, if he was at said time entitled to the discharge now claimed for him, by failing to make his application therefor, and have his rights passed upon and determined by the court, he waived it; at least he cannot now appeal upon it.

By the Court, COBB, C. J. Carr, as appears by the transcript on file, was indicted for murder, and put in a special plea, to which the state demurred, and the court sustained the demurrer and required him to plead further. Whereupon, he filed a petition in error and caused a transcript of the record to be certified to this court, and the case has been argued here upon the errors assigned in the said petition.

On examination of the transcript we find no notice of appeal and are led first to inquire whether the cause is properly before us without such notice appearing in the record.

The code of criminal procedure, section two hundred and sixty-four, provides that "an appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and upon the appeal, any decision of the court or intermediate order made in the progress of the cause may be reviewed."

Section two hundred and sixty-eight provides that "an appeal is taken by the service of a notice upon the clerk of the court where judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the territory, (now the state,) a similar notice must be served upon the defendant, if he can be found in the county;" if not, then by posting up a notice three weeks in the clerk's office.

No petition in error is provided for, and therefore none is necessary or useful. It is mere surplusage. But the service of the notice of appeal on the clerk, and the appellee or attorney, constitutes the appeal; and upon that alone the jurisdiction of this court to review the judgment and decisions of the court below rests. It is, therefore, an important part of the record, and it should appear in the transcript filed, that this court may see, and its record show that it has jurisdiction of the cause.

The code provides (§ 272) for proof of notice of appeal to the appellee before the appeal is tried.

The appearance of the appellee, and his proceeding to argue the merits, may be sufficient proof of that notice. But the service on the clerk is unproved, and this court cannot assume the existence of a portion of the *record* not before it, nor render a judgment which, upon the face of its own record, would appear to be without jurisdiction.

We come to this conclusion with the less reluctance, because it seems manifest that the appeal, if taken upon proper notice, and duly certified to this court, must have been dismissed— the decision complained of being interlocutory, and reviewable only on appeal from the judgment.

The proceedings in this court must be dismissed, because the record does not show that any appeal has been taken.

All the justices concurring.