STATE OF KANSAS, Appellant, vs. P. R. KING, Appellee.

Where notice of appeal to the supreme court was served on the clerk of the
   district court, but none was served on the defendant, *held* that the appellate
   court had no jurisdiction to review the judgment and decision of the court
   below. Ruling in *Carr vs, The State,* to the same purport, confirmed and
   applied to this case.

Such notice, and evidence of its service, should appear in the transcript; the
   court cannot assume its existence, nor render judgment without jurisdiction
   appears to be conferred by the record.

The facts of the case appear in the opinion of the court.

*W. W. Guthrie,* Attorney General, for the State.

The first decision of the court below, excepted to, is that
of entertaining "a motion to quash," after "plea of not
guilty," entered by defendant upon his arraignment.

In respect to the order of arraignment and trial, the
criminal code has not materially changed the common law
practice.

The practice has been long well settled that a motion to
quash cannot be countenanced after a plea of not guilty.
(*See vol. 1, p. 102, Code of 1853 of Arch. Cr. Pr. and Pl.,
and cases cited.*)

The reason given that in such case the party will be left to
his "motion in arrest," rather than permitted to take advan-
tage of "motion to quash," since the allowance of the first
motion will not discharge from custody or bail, while the
allowance of the latter motion would so discharge, seems suf-
ficient to support the position taken.

Upon the second exception, after examination of the
indictment, I am unable to see grounds to support the objec-
tions raised.

No counsel for appellee.

The State of Kansas v. King.

By the Court, BAILEY, J. At the February term of the district court for the county of Atchison for the year 1862, an indictment was found against King by the grand jury for said county, containing three counts, for official misconduct in the office of treasurer of said county of Atchison.

At the September term of the court for said county the defendant was arraigned upon said indictment and plead "not guilty," and thereupon the cause was continued until the February term of said court, 1863, at which latter term the defendant, by his counsel, filed a motion to quash the indictment.

First. Because the first count does not charge a public offense.

Second. Because the second count is not certain, and does not sufficiently charge said offense.

Upon consideration of this motion, the court sustained it and ordered the indictment to be quashed, vacated and held for naught, and the defendant was discharged.

Upon the motion to quash, the district attorney objected that the motion came too late after a plea of not guilty entered, and the court having overruled the objection, files a transcript of the record as for an appeal, on behalf of the state, against said ruling.

Upon examination of the record filed, it appears that due notice of the appeal was given to, and accepted by, the clerk of the court, but it does not appear that any notice whatever was given to the defendant King. In the case of *Carr vs. The State*, decided at the last January term of this court, it was held by COBB, C. J., that the service of the notice of appeal on the clerk and appellee or district attorney constitutes the appeal, and upon that alone the jurisdiction of this court, to review the judgments and decisions of the court below, rests.

It is, therefore, an important part of the record, and it should appear in the transcript filed, that this court may see,

and the record may show, that it has jurisdiction of the cause.

The court cannot *assume* the existence of a portion of the record, not before it, nor render a judgment which, upon the face of its own record, would appear to be without jurisdiction.

For these reasons, which we deem satisfactory and conclusive, the proceedings in this case must be dismissed at the cost of the attempted appellant.

All the Justices concurring.