## THE STATE OF KANSAS V. JAMES R. BOYLE.

1. CRIMINAL ACTIONS — *Reviewable only on Appeal.* A criminal case must be removed from the district court to the supreme court on appeal, and not on petition in error.

2. REPEAL OF STATUTES; *Effect of, on Criminal Actions.* When a statute is repealed and the repealing statute is silent as to whether the rights and remedies which have accrued under the repealed statute shall be abrogated or not, section 1 of the "Act concerning the construction of statutes," (Gen. Stat., 998,) will have the force and effect to save and preserve all such rights and remedies, whether they belong to the state or to individuals, and in criminal as well as in civil cases; and a criminal action pending under the repealed statute at the time it is repealed may be prosecuted by virtue of said saving statute to final determination and judgment, notwithstanding said repeal.

3. PRACTICE; *Review of Questions.* A question not properly raised by the record will not be reviewed or considered by an appellate court.

### *Appeal from Labette District Court.*

THE action below was a criminal prosecution for a misdemeanor. The defendant *Boyle,* after conviction and judgment, filed a "petition in error" for a review of the judgment. The proceedings thereon, and the proceedings by which the case here was converted into an "appeal," are sufficiently stated in the opinion. The record shows, by way of recital, that on the 17th of May 1871 one Mary A. Higby made complaint before a justice of the peace against defendant *Boyle* "for settling upon and taking possession of 160 acres of land, and dwelling-house thereon," etc., the property of the said M. A. H., "without legal right so to do;" that *Boyle* was summoned and a trial had, as provided by ch. 96, Gen. Stat. 1868; that the justice found the facts in favor of M. A. H. and against *Boyle,* and gave "judgment against said defendant and in favor of the plaintiff for restitution," etc., and issued a writ of restitution upon which said *Boyle* was removed from said premises on the 22d of May; "and that thereafter, and on the night of the 23d of May 1871 the said *Boyle* did return upon said land and premises for the purpose of settling thereon and possessing the same without the writ-

ten consent of said M. A. H.," etc.  For having so returned upon said premises criminal proceedings were commenced against *Boyle*, as provided by § 3 of said ch. 96.  Complaint was made before a justice of the peace, May 25th, and on the 26th the justice upor examination recognized *Boyle* for his appearance at the next term of the district court.  The next term of the Labette district court was held on the 19th of June 1871; and at said term an information was duly filed upon said complaint, a trial had, and verdict of guilty rendered, and the court pronounced judgment against the defendant upon the verdict.  From this judgment defendant brings the case to this court for review.

*W. P. Lamb*, for defendant:

1. The district court erred in trying this cause, and in pronouncing sentence upon the verdict of the jury.  The complaint was made in May 1871 for an alleged violation of § 3 of ch. 96, Gen. Stat.  The information was filed in the district court on the 14th of June, and the case was tried and judgment rendered on the 2d of July 1871.  Said ch. 96 was *repealed* by ch. 12, laws of 1871.  This repealing act took effect June 20th, 1871, and it operated to determine all proceedings against the defendant in this case.  All proceedings of the court thereafter against the defendant were without jurisdiction and void.

2. The defendant offered to show by evidence that the land mentioned in the information was not the property of the said Mary A. Higby, the prosecuting witness; that M. A. H. was not the owner in fee of said premises; that the said land belonged to the Cherokee nation; and also, that the said land from which defendant had been removed under the writ of restitution was unsurveyed land of the United States, to which the Indian title had not been extinguished.  On objection on the part of the State said testimony was refused, and defendant excepted.  Treaty of 1835 between the U. S. and the Cherokee Nation, Art. 2.  The United States has no jurisdiction of said lands: Organic Act, § 19, Gen. Stat., 26;

Act of admission, § 1, Gen. Stat., 66; Const. of Kansas, Gen. Stat., 37; Joint Resolution of Assent, Gen. Stat., p. 71, ch. 1. The court erred in not granting a new trial.

*A. L. Williams*, attorney-general, for the State, submitted, first, that the case was improperly brought to this court, and should be dismissed for want of jurisdiction; and second, that the conviction was right, as the repeal of said ch. 96 could not affect prosecutions commenced and pending for liabilities incurred.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal action. The verdict in the court below was against the defendant, and he was sentenced and adjudged to pay a fine of $25, and costs of prosecution, and stand committed to the county jail until the same were paid. After the sentence and judgment the defendant brought the case to this court on petition in error. It does not seem from the record filed in this court that any attempt was made to take an appeal under § 285 of the criminal code, as the record does not show that any notice of the appeal was served or attempted to be served on either the clerk of the district court or the county attorney. In this court the state, by the attorney-general, filed a motion to dismiss the case from this court on the ground that it was not properly brought here. While this motion was pending, and before it was acted on, the defendant filed a paper in this court showing that the clerk of the district court waives the notice required to be served upon him, and also showing that the county attorney by his deputy waives notice of the appeal, and enters his appearance in the case. With some hesitancy we have concluded to consider the case as now in this court substantially on appeal, and shall therefore overrule the motion of the attorney-general to dismiss the case from this court. (Crim. code, § 294.) We suppose it is entirely unnecessary for us to say that criminal cases cannot be brought to this court on petition in error, as

1. Criminal cases — how reviewed.

civil cases are; but, if brought at all to this court, they must be brought on appeal.

There are only two questions raised or attempted to be raised in this court by the defendant Boyle. First: He claims that the act under which this defendant was prosecuted was repealed before sentence and judgment. Second: He claims that the land for which he was prosecuted for returning upon did not belong to the prosecuting witness, as was alleged in the information. (See defendant's brief.)

I. This action was prosecuted under § 3 of the "act relating to settlers upon land without any legal right thereto." (Ch. 96, Gen. Stat., 953.) This act was in force at the time the prosecution was commenced, but it was repealed before the defendant was sentenced, or before any judgment was rendered against him. The repealing statute is entirely silent as to whether rights or remedies already accrued, or prosecutions already commenced under it, should be saved and preserved, or should be abrogated and destroyed. (Laws of 1871, page 28.) And if no saving clause or saving statute can anywhere be found it must be of course admitted that the State has no right to proceed any further in the case after said repealing statute was passed. It must be admitted that no sentence can be pronounced, and no judgment can be rendered under a statute that has been absolutely repealed. Was this statute absolutely repealed? Under the rules of the common law for determining the extent and the effect of repeals this statute would be absolutely repealed; but we shall presently see that these rules have been changed by statute in some very essential particulars. We suppose no one will question the power of the legislature, when repealing a statute, to save all rights and remedies which have accrued under it to either the state or to individuals, and in criminal cases as well as in civil cases, and to provide that all suits then pending shall proceed to their final determination as though no repeal had ever been had. And we also suppose it will be conceded that if this court can determine from all the statutes that it was the will and intention of the

*2. Effect of statutes of repeal, in civil and criminal cases.*

legislature, when they repealed any given statute, that all rights and remedies which had previously accrued thereunder should be saved, it would be our duty to so declare, whether the legislature had made their will and intention known by any express provision in the repealing statute or not. In other words, we suppose we are not bound to look to the repealing statute alone to ascertain the will and intention of the legislature in the premises, but may look for that purpose to all the statutes in force at the time of the passage of the repealing statute. At the time this repealing statute was passed the following statute was in force: "The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under or by virtue of the statute repealed." This is a portion of § 1 of the "Act concerning the construction of statutes." (Ch. 104, Gen. Stat., 998.) And this statute changed the construction that would otherwise and at common law be given to said repealing statute. When the legislature passed said repealing statute it must be presumed that they had in contemplation every other statute of the state which could in any manner affect repeals, and that they passed such repealing statute with reference to said other statutes. And it must be presumed in the absence of anything to the contrary that they intended that the repealing statute should operate to just the extent that the laws then in force provided that repealing statutes should operate, and no further. If this be so, then the statute under which this prosecution was had was not absolutely repealed by said repealing statute, but was kept in force so far as it affected cases like the one at bar by said saving statute. It has already been decided in this court that the legislature have the power to pass a general saving statute which shall have the force and effect to save rights and remedies except where the repealing statute itself clearly shows that it was not the intention of the legislature that such rights and remedies should be saved. *Willetts v. Jeffries*, 5 Kas., 473; *Gilleland v. Schuyler*, 9 Kas., 569. In

the last case cited it was decided that the very saving statute which we are now considering has such force and effect.

II. The second question attempted to be raised in this court by the defendant is not in fact in the case. The record

*3. Questions to be considered must be properly raised.*

shows that the defendant was sentenced and judgment rendered against him on the 6th day of July 1871. Two days thereafter, to-wit, on the 8th of July, the defendant filed a paper showing that "the defendant offered to show by evidence that the land mentioned in the information on which the defendant was tried for contempt was not the property of the said Mary A. Higby the prosecuting witness," and that "the defendant then and there offered to show by evidence that the lands mentioned in said information was land belonging to the Cherokee Nation," and that "the defendant offered to show that the land from which the defendant has been removed was unsurveyed land of the United States to which the Indian title had not been extinguished." There is nothing in the record that shows that this evidence was offered at any other time except on the day that the said paper was filed; nor is there anything in the record to show for what purpose it was offered. It was certainly incompetent for the purpose of obtaining a new trial, for it is evidence that ought to have been offered at the trial. There is nothing however in the record that tends to show that it was offered at the trial; and in the absence of such showing we cannot presume that it was then offered. We cannot therefore consider the paper, or the evidence it contains, or the question it is supposed it raises, at all. There is nothing else in the record that raises any question as to the ownership of said land. The judgment of the court below must be affirmed.

All the Justices concurring.