THE STATE OF KANSAS v. SAMUEL ASHMORE.

APPEAL IN CRIMINAL CASES; *Jurisdiction; Service of Notice.* In the absence of any notice of appeal, required by section 285, General Statutes, 866, the supreme court has no jurisdiction to review the rulings and judgment of a district court in a criminal case.

*Appeal from Osage District Court.*

ASHMORE was charged by information, in the district court of Shawnee county, with having feloniously shot and killed his wife. The alleged offense was committed in November 1872, and the information charged murder in the first degree. Upon *Ashmore's* application the case was sent to Osage county for trial, and was there tried at the November Term 1874. *Ashmore* was found guilty of murder in the first degree, and was sentenced to suffer the penalty of death, and was committed to the state penitentiary until such time as the governor. by his warrant should fix for carrying such sentence into execution. The sentence was pronounced on the 7th of January 1875. On the 14th of May 1877, *Ashmore,* by his counsel, filed in this court a transcript of the record as upon appeal from such judgment and sentence. Said transcript is certified by the clerk of the district court under date of 9th January 1877.

*G. C. Clemens,* for appellant.

*Willard Davis,* attorney-general, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The attorney-general, representing the state, objects to any consideration of this case upon the alleged errors, on the ground that the case is not properly before this court upon appeal, or otherwise; *first*, because no notice of appeal appears in the transcript; *second*, because the appeal was not taken within two years after the judgment was rendered.

The first objection is fatal to the jurisdiction of this court; and however much we might desire to pass upon the questions presented by the counsel for the convict, we cannot, within the provisions of law, assume any authority over the judgment rendered in the district court. Sec. 285, criminal code, (Gen. Stat. 866,) is identical with section 268, Comp. Laws. 275; and said last section was fully considered and construed in *Carr v. The State*, 1 Kas. 331. In that case it was held, "the service of the notice of appeal on the clerk, and the appellee, or attorney, constitutes the appeal; and upon that alone the jurisdiction of this court to review the judgment and decision of the court below rests. It is therefore an important part of the record, and it should appear in the transcript filed, that this court may see and its records show it has jurisdiction." See also, *The State v. King*, 1 Kas. 466; *The State v. Brandon*, 6 Kas. 243; *The State v. Baird*, 9 Kas. 60; *The State v. Boyle*, 10 Kas. 113; *Neitzel v. City of Concordia*, 14 Kas. 446. These authorities are decisive, upon the objection made by the learned attorney-general; and the proceedings in this case in this court must be dismissed.

All the Justices concurring.