No. 35,563

DANNY FRANKLIN DEAN, alias JACK HARCOURT, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee.*

(126 P. 2d 213)

Opin-ion filed June 6, 1942.

*Danny Franklin Dean* was on the briefs *pro se.*

*Jay S. Parker,* attorney general, and *Jay Kyle,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a habeas corpus case. The petitioner is a prisoner in our state penitentiary. On December 31, 1941, he filed his petition for a writ in the district court of Leavenworth county against the warden of the penitentiary. The court issued the writ commanding respondent to have the body of the petitioner before the court on January 6, 1942, and then and there show cause of his detention. On January 5, 1942, the warden filed a response and advised the court that Mr. Walter Biddle, county attorney of Leavenworth county, would handle the matter for the attorney general's office. At the hearing before the court on January 6 evidence was offered on behalf of the petitioner and the respondent. Upon the consideration of the evidence the court denied the petition and ordered the petitioner remanded to the custody of the warden. No motion for a new trial was filed. On the 6th day of January, 1942, the petitioner filed in court a notice addressed "To the Honorable, The District Court of the State of Kansas in the County of Leavenworth, Judge J. H. Wendorff, County Attorney Biddle, Greetings: You are notified that the petitioner, Danny Franklin Dean, intends to and does appeal to the Kansas State Supreme Court from the decision," etc. This had been subscribed and sworn to before a notary public on December 27, 1941, which was prior to the filing of the petition. It was not served upon the warden, nor upon his attorney of record, nor indeed upon anyone.

The procedure in habeas corpus cases is prescribed by our code of civil procedure (G. S. 1935, 60-2201 to 60-2225). Under G. S. 1935, 60-3306, the notice of appeal must be served upon the adverse party or his attorney of record. This court has jurisdiction of cases on appeal only when the appeal is taken in conformity to our statute. Since our statute was not complied with the result is we have no jurisdiction of the appeal.

The appeal therefore is dismissed.