No. 41,374

State of Kansas, *Appellee*, v. Harold E. Sims, *Appellant*.

(337 P. 2d 704)

Opinion filed April 11, 1959.

*Harold E. Sims* appeared on the brief *pro se*.

*Nicholas Klein*, deputy county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, *Robert E. Hoffman*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Defendant, Harold E. Sims, was charged, tried and convicted in the district court of Sedgwick county of the crime of robbery in the first degree as denounced by G. S. 1949, 21-105 and 21-527. His motion for a new trial was overruled and he was sentenced to confinement in the state penitentiary for a period of not less than ten nor more than twenty-one years, in accordance with G. S. 1949, 21-530. Defendant was represented by competent counsel prior to and throughout the trial, at the hearing on his motion for a new trial and at the time sentence was pronounced.

More than five months later and while in confinement under the sentence imposed, defendant attempted *pro se* to take an appeal to this court by filing with the clerk of the district court of Sedgwick county a paper which he denominated a notice of appeal, addressed to _____, assistant attorney general for the state of Kansas, in which he stated, in substance, that he intended to and did appeal to the supreme court of Kansas from the judgment rendered in this action, and that he further appealed from his conviction of robbery in the first degree. It was signed by defendant *pro se*. No service of notice of appeal was had on the county attorney. The state furnished a record of the proceedings and testimony in the case for defendant and he filed in this court a short document entitled "Appeal Brief and Summary."

This court is first confronted with the question of our jurisdiction to hear defendant's attempted appeal. Sections 5, 10 and 18 of the bill of rights of our state constitution guarantee a prompt, fair trial by jury to one charged with crime. Our constitution does not guarantee a defendant an appeal to the supreme court. Article 3, section 3 of our state constitution fixes the jurisdiction of this court. It provides that the supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus and habeas corpus, and such appellate jurisdiction *as may be provided by law.* The legislature has the power to grant, limit and withdraw additional appellate jurisdiction of this court, and to provide a procedure for the exercise of the jurisdiction granted. Our cases thoroughly covering this problem are found in *Cochran v. Amrine,* 155 Kan. 777, 130 P. 2d 605, and *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 452, 10 P. 2d 893.

G. S. 1949, 62-1701 provides that an appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him, and upon the appeal any decision of the court may be reviewed.

The pertinent portions of G. S. 1949, 62-1724 relating to perfecting appeals in criminal cases to the supreme court provide that a defendant may appeal at any time within six months from the date of the sentence by serving notice of appeal *on the county attorney of the county in which he was tried and filing the same with the clerk of the district court.* It is apparent that in order for a defendant to perfect an appeal in a criminal action so that this court may have jurisdiction to review the decision of the trial court or some intermediate order thereof, not only is service of the notice of appeal on the county attorney in the county in which defendant was tried mandatory, but such notice, together with proof of service on the county attorney, must be filed with the clerk of the district court within the time provided by law. Such has been the rule in this state since the early days. ( *Carr v. State,* 1 Kan. 331; *State v. King,* 1 Kan. 466; *State v. Teissedre,* 30 Kan. 210, 2 Pac. 108; *Cochran v. Amrine,* supra, and cases therein cited.)

In a criminal action a defendant accomplishes nothing by filing a notice of appeal with the clerk of the trial court, unless service has been made on the county attorney as attorney for the state. This court has jurisdiction to hear appeals in criminal cases *only* if

they are taken within the time and manner specified by the legislature (G. S. 1949, 62-1724). Service of notice of appeal not having been made on the county attorney, as provided by law, this court has no jurisdiction in this action and the appeal is dismissed.

It is so ordered.