No. 41,491

STATE OF KANSAS, *Appellee,* v. MERRITT SHEHI, *Appellant.*

(345 P. 2d 684)

Opinion filed November 7, 1959.

Merritt Shehi, *pro se.*

*Roy L. Bulkley,* former County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant was tried by a jury and convicted in the district court of Shawnee County, Kansas, of the crime of grand larceny as defined in G. S. 1957 Supp., 21-533, for the theft of an automobile. Following the overruling of his motion for a new trial, the appellant was sentenced to the Kansas State Penitentiary for a term of not less than ten years in accordance with the provisions of G. S. 1949, 21-534 and 21-107a upon his stipulation that he had been previously convicted of the crime of grand larceny. The appellant was represented by competent counsel throughout the trial; at the

hearing of his motion for a new trial, and at the time sentence was pronounced upon him.

At the outset, this court is first confronted with the question of its jurisdiction to entertain this appeal. Following the appellant's trial and conviction in the district court on December 2, 1958; the overruling of his motion for a new trial and his sentence to the Kansas State Penitentiary on December 10, 1958, and while confined under the sentence imposed, he attempted *pro se* to take an appeal to this court by filing with the clerk of the district court on January 30, 1959, a paper which he denominated a notice of appeal. It was signed by the appellant, but no service of the notice of appeal was had upon the county attorney, or proof of service filed with the clerk of the court. The instrument reads:

"Notice is hereby given that Appellant, Merritt C. Shehi, wishes to appeal his conviction in the Shawnee County District Court. I. e. (Grand Larceny Auto, Case No. 21319, rendered on the 2nd day of December, 1958, in the Shawnee County District Court.) to the Kansas State Supreme Court, sitting in Shawnee County, at Topeka, Kansas."

In passing, it is noted that no attempt was made to appeal from the order of December 10, 1958, overruling the appellant's motion for a new trial, which, if the appeal was properly before us, would preclude review of alleged trial errors. (*State v. Turner,* 183 Kan. 496, 328 P. 2d 733; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390.)

G. S. 1949, 62-1724, provides the method for a defendant to perfect an appeal to the Supreme Court. The pertinent portion of the statute reads:

"If defendant does not seek to have execution of his sentence stayed, or release from custody on bond pending his appeal, he may appeal at any time within six months from the date of the sentence by serving notice of appeal on the county attorney of the county in which he was tried and filing the same with the clerk of the district court; and such clerk, within ten days after such notice is filed with him, shall send a certified copy of such notice with proof of service and a certified copy of the journal entry of defendant's conviction to the clerk of the supreme court. Defendant shall then prepare and present his appeal in accordance with the statutes and rules of court applicable thereto."

It is evident that the appellant failed to perfect this appeal within the time and in the manner provided by the above-mentioned statute since he failed to serve notice of the appeal upon the county attorney within six months from the date of sentence, or show a waiver of proof of service where service is acknowledged by the

county attorney. (*Polzin v. National Cooperative Refinery Ass'n,* opinion on rehearing, 180 Kan. 178, 179, 302 P. 2d 1003.)

The jurisdiction of this court to entertain an appeal is conferred by statute pursuant to Art. 3, Sec. 3 of the Constitution of Kansas, and when the record discloses lack of jurisdiction, it is the duty of this court to dismiss the appeal. This court cannot enlarge the scope of statutes prescribing the manner of appealing to the Supreme Court by judicial interpretation; if there are to be exceptions to the plain language of the statutes they must be made by the legislature, not by this court.

In *State v. Sims,* 184 Kan. 587, 337 P. 2d 704, the precise question here presented was decided, and it was held:

"Supreme court has no jurisdiction to entertain an appeal by a defendant in a criminal case, unless he first complies with G. S. 1949, 62-1724 by serving within time prescribed therein notice of appeal on the county attorney of the county in which he was tried, and filing the same, showing proof of such service, with the clerk of the district court." (Syl. 1.)

In the opinion it was said:

"The pertinent portions of G. S. 1949, 62-1724 relating to perfecting appeals in criminal cases to the supreme court provide that a defendant may appeal at any time within six months from the date of the sentence by serving notice of appeal *on the county attorney of the county in which he was tried and filing the same with the clerk of the district court.* It is apparent that in order for a defendant to perfect an appeal in a criminal action so that this court may have jurisdiction to review the decision of the trial court or some intermediate order thereof, not only is service of the notice of appeal on the county attorney in the county in which defendant was tried mandatory, but such notice, together with proof of service on the county attorney, must be filed with the clerk of the district court within the time provided by law. Such has been the rule in this state since the early days. (*Carr v State,* 1 Kan. 331; *State v. King,* 1 Kan. 466; *State v. Teissedre,* 30 Kan. 210, 2 Pac. 108; *Cochran v. Amrine,* supra, and cases therein cited.)

"In a criminal action a defendant accomplishes nothing by filing a notice of appeal with the clerk of the trial court, unless service has been made on the county attorney as attorney for the state. This court has jurisdiction to hear appeals in criminal cases *only* if they are taken within the time and manner specified by the legislature (G. S. 1949, 62-1724). Service of notice of appeal not having been made on the county attorney, as provided by law, this court has no jurisdiction in this action and the appeal is dismissed." (pp. 588, 589.)

In view of the foregoing it is the duty of this court to dismiss this appeal.

The state furnished an abstract of the proceedings and testimony of the trial in the district court. In addition, the appellant has filed

a document which he entitled "Appellant's Brief and Abstract" in which he sets forth nine specifications of error. Although these specifications of error are not subject to appellate review for the reason heretofore stated, the fact that the appellant attempted *pro se* to perfect this appeal prompted us to review the record and we find nothing which was prejudicial to his rights at the trial or which denied him the equal protection of the law.

The appeal is dismissed.