No. 41,590

STATE OF KANSAS, *Appellee*, v. THOMAS J. SHORES, *Appellant*.

(345 P. 2d 686)

Opinion filed November 7, 1959.

*Thomas J. Shores*, pro se

*Wesley M. Norwood*, county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The undisputable facts leading up to the institution of this appeal are essential to a proper understanding of the single issue involved and should be stated.

Following a full and complete trial, at which he was at all times represented by counsel, the appellant, Thomas J. Shores, was found guilty by a jury on two counts of second degree forgery. Thereafter, and on June 8, 1956, upon the overruling of his motion for a new trial, he was sentenced by the district court to confinement in the state penitentiary for the commission of the crimes charged in such counts for the period of time prescribed by law. Subsequently he was taken to the penitentiary where he is now confined.

Appellant made no attempt to appeal from the judgment and sentence imposed against him within six months from the date of his sentence, as required by our statute (G. S. 1949, 62-1724). In-

stead he waited until November 29, 1958. On that date, more than two years and five months after he had been sentenced and more than one year and eleven months after the date fixed by statute for the perfection of an appeal from the judgment and sentence, he filed a motion in the office of the clerk of the district court of Douglas County, alleging he was an indigent person and asking that the district court make an order directing that he be furnished with a complete transcript of the record of the trial in the case resulting in his judgment and sentence so that an appeal might be taken therefrom.

Upon consideration of the foregoing motion the district court, after pointing out the motion was filed by appellant for the purpose of enabling him to take an appeal, made findings of fact which, for all purposes here involved, may be said to be similar in substance to those heretofore related. It then found the appellant had taken no steps to appeal his conviction since the date he was sentenced and the time for such appeal had long since expired. Then, based upon such findings and conclusions, it denied the motion. Thereupon appellant perfected the instant appeal.

What has been heretofore related makes it apparent the sole question involved in this appeal is whether, under the existing facts and circumstances and controlling decisions, appellant's rights were infringed upon by reason of having been denied a free transcript for the purpose of taking an appeal from a judgment and sentence from which he had made no attempt to appeal until long after expiration of the time fixed by statute (G. S. 1949, 62-1724) for the taking of appeals in criminal cases.

In approaching the foregoing question it may be conceded our code of criminal procedure (G. S. 1949, 62-1701) gives a defendant in a criminal action an appeal to this court as a matter of right from any judgment against him and, under the circumstances set forth in G. S. 1957 Supp., 62-1304, free transcript to an indigent defendant for purposes of enabling him to prosecute the appeal. On the other hand it cannot be denied the same code (G. S. 1949, 62-1724) limits the time (now six months) in which to appeal from such judgments and it must be admitted that under established decisions, commencing with our first reported decisions (*Carr v. The State of Kansas*, 1 Kan. 331; *The State of Kansas v. King*, 1 Kan. 466; *The State v. Ashmore*, 19 Kan. 544) down to the present time (*State v. Sims*, 184 Kan. 587, 337 P. 2d 704; *State v. Shehi*, 185 Kan. 551, 345 P. 2d 684 [this day decided]), this court has always

construed the provisions of the last above mentioned section of the criminal code to be jurisdictional and limiting the right of appeal in criminal cases to the period of time therein prescribed. See, e. g., *State v. Shehi,* supra, where it is held:

"The Supreme Court has only such appellate jurisdiction as is conferred by statute pursuant to Art. 3, § 3, of the Constitution and when the record discloses lack of jurisdiction it is the duty of the supreme court to dismiss the appeal.

"The Supreme Court has no jurisdiction to entertain an appeal by a defendant in a criminal case, unless he first complies with G. S. 1949, 62-1724, by serving within the time prescribed a notice of appeal on the county attorney of the county in which he was tried, and filing the same showing proof of such service, with the clerk of the district court (following *State v. Sims,* 184 Kan. 587, 337 P. 2d 704)." (Syl. ¶¶ 1, 2.)

Having reviewed the facts and applicable decisions we are convinced the fair import of the trial court's decision in overruling the motion for a complete transcript of the record is that, since he had made no attempt to appeal from the judgment and sentence in question within the time prescribed by 62-1724, appellant's right to appeal therefrom was barred by operation of law hence, regardless whether he was indigent or had money to buy the transcript, he was not entitled to a free copy thereof for the purpose of taking an appeal from such judgment and sentence.

Notwithstanding, limited to the grounds of his motion and the scope of the trial court's ruling with respect thereto, appellant, citing *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, in support of his position, contends that the action of the district court in denying him a free transcript, resulted in a violation of his constitutional rights under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Without again analyzing *Griffin v. Illinois,* supra, or a more recent decision of the Supreme Court of the United States, *Eskridge v. Washington State Board,* 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061, both of which cases were considered, discussed and applied by this court in *Trinkle v. Hand,* 184 Kan. 577, 337 P. 2d 665, it may be stated we find nothing in either case to warrant the strained construction appellant seeks to place upon the force and effect of the Griffin decision. The most that can be said for either of such decisions, which we recognized in *Trinkle v. Hand,* supra, is that destitute defendants must be afforded as adequate a review as defendants who can afford the expense of a transcript. Here—

as we have seen—appellant was denied a transcript not because he was indigent, but because his right of appeal had not been exercised within the time prescribed by statute. We find nothing in either the Griffin or Eskridge cases, in other decisions or in the provisions of our own code of criminal procedure, to warrant or uphold appellant's position the overruling of his motion for a free transcript for purposes of appeal, long after his right to appeal from his judgment and sentence had expired, was erroneous or resulted in any violation of his constitutional rights under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

Therefore we hold that the trial court's action in overruling the involved motion was proper and its order and judgment denying such motion must be affirmed.

It is so ordered.