No. 41,834

.STATE OF KANSAS, *Appellee*, v. CHARLES B. HANES, *Appellant*.

(357 P. 2d 819)

Opinion filed December 10, 1960.

*Roy Cook* and *Kenneth Ray*, both of Kansas City, argued the cause and were on the brief for the appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *John Anderson, Jr.*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant below attempts to appeal from a conviction and judgment against him. He was sentenced under the habitual criminal act to imprisonment in the Kansas State Penitentiary for not less than twenty years on a count charging him with forgery, and for not less than twenty years on another count charging him with uttering a forged instrument, the sentences to run consecutively.

The controlling question is whether the defendant in this action has properly perfected his appeal pursuant to the provisions of G. S. 1949, 62-1724 (*a*).

Though numerous trial errors are specified, they are not here for review if the answer to the foregoing question is in the negative.

On the trial of the action the defendant was represented in the district court of Sedgwick County by Earl Clarkson, Jr., an attorney of Wichita, Kansas. A motion for a new trial was properly made and argued to the court but was overruled, following which judgment and sentence was imposed on the 7th day of April, 1958. The defendant did not seek to have execution of his sentence stayed, or release from custody on bond pending his appeal.

The record discloses two notices of appeal were filed with the clerk of the district court of Sedgwick County, one on September 2, 1958, and the other on October 7, 1958, neither of which shows proof of service, or a waiver thereof, upon the county attorney of Sedgwick County. The clerk of the district court of Sedgwick County did not transmit the notice of appeal to the Supreme Court until November 2, 1959, presumably because proof of service was not filed until October 23, 1959.

The defendant by affidavit filed proof of service showing that on September 27, 1958, he caused to be served on the county attorney's office of Sedgwick County, Kansas, a notice of appeal in this action by certified mail, return receipt requested. The return receipt was attached to the affidavit. Counsel for the state admit the notice of appeal was received by the county attorney of Sedgwick County on September 27, 1958.

No reason appears in the record presented herein why two notices of appeal were filed by the defendant, and it is not clear whether these notices of appeal were filed *pro se*, although they were signed by the defendant himself and acknowledged at the State Penitentiary. We are informed in the brief of counsel for the state that the defendant was represented by other counsel, James Harrison and Robert Kaplan of Wichita, Kansas, since his trial. The file in this court discloses that Robert M. King of El Dorado, Kansas, appeared as attorney of record for the defendant and paid the cost deposit on December 1, 1959. The first appearance of Roy Cook of Kansas City, Kansas, of present counsel, was made in this court on May 12, 1960, when a continuance was requested.

The state challenges the right of the defendant to be heard on appeal because he did not perfect his appeal in the time and manner prescribed by statute to give this court jurisdiction to hear the appeal.

G. S. 1949, 62-1724, provides the method by which a defendant may perfect an appeal to the Supreme Court. The pertinent portion of the statute reads:

"(a) If defendant does not seek to have execution of his sentence stayed, or release from custody on bond pending his appeal, he may appeal at any time within six months from the date of the sentence by serving notice of appeal on the county attorney of the county in which he was tried and filing the same with the clerk of the district court; and such clerk, within ten days after such notice is filed with him, shall send a certified copy of such notice

with proof of service and a certified copy of the journal entry of defendant's conviction to the clerk of the supreme court. Defendant shall then prepare and present his appeal in accordance with the statutes and rules of court applicable thereto. . . ."

Interpretation of the foregoing section of the statute was before this court in *State v. Sims,* 184 Kan. 875, 337 P. 2d 704; *State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; and *State v. Combs,* 186 Kan. 247, 350 P. 2d 129. In each of these cases the defendant, incarcerated in the State Penitentiary, attempted *pro se* to take an appeal to this court by filing with the clerk of the district court a paper, which he denominated a notice of appeal, but in none of which was service of the notice of appeal had upon the county attorney, or proof of service filed with the clerk of the district court. In *State v. Combs,* supra, this court raised the question of jurisdiction on its own motion, but neither the record nor the files in that case disclose whether service of the notice of appeal was actually had upon the county attorney within the prescribed period of time. There the notice of appeal filed with the clerk of this court shows that it was filed with the clerk of the district court within six months, but it shows no proof of service of the notice of appeal upon the county attorney.

The question squarely before the court is whether the defendant in this criminal action has properly perfected his appeal, having actually served the county attorney with a notice of appeal which was filed with the clerk of the district court within the prescribed period of six months, but where the proof of service on the county attorney of such notice of appeal was not filed with the clerk of the district court within the prescribed period of six months.

The issue with which the court is here confronted in a criminal action was squarely before the court in a civil action in *Nicholay v. Parker,* 185 Kan. 481, 345 P. 2d 1013. There an attempt to perfect an appeal to this court under the provisions of G. S. 1949, 60-3306, was made and no proof of service of the notice of appeal or acknowledgment thereof was filed in time, although it was admitted the notice of appeal was, in fact, properly served. The court held it had no jurisdiction in the case, and the appeal was dismissed.

Reference was made to *Nicholay v. Parker,* supra, in *State v. Combs,* supra, in the following language:

". . . while the notice of appeal was timely filed, there is *no proof of service of the notice of appeal* upon the county attorney as required by G. S. 1949, 62-1724. The right of appeal in criminal cases is entirely statutory and

minimum requirements of the statute must be met in order to confer any jurisdiction upon this court (*State v. Shehi,* 185 Kan. 551, 345 P. 2d 684; *State v. Shores,* 185 Kan. 586, 345 P. 2d 686; *State v. Sims,* 184 Kan. 587, 337 P. 2d 704, and cases cited; cf. *United States v. Robinson,* decided January 11, 1960, 361 U. S. 220, 4 L. Ed. 2d 259, 80 S. Ct. 282). The same rule as to the necessity of proof of service of notice of appeal applies with equal force in civil cases (*Nicholay v. Parker,* 185 Kan. 481, 345 P. 2d 1013)." (p. 248.)

The court was not directly confronted with the precise factual situation presently before the court in *State v. Sims,* supra, but the language there used in construing 62-1724(*a*), supra, is all inclusive. The court there said:

"This court is first confronted with the question of our jurisdiction to hear defendant's attempted appeal. Sections 5, 10 and 18 of the bill of rights of our state constitution guarantee a prompt, fair trial by jury to one charged with crime. Our constitution does not guarantee a defendant an appeal to the supreme court. Article 3, section 3 of our state constitution fixes the jurisdiction of this court. It provides that the supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus and habeas corpus, and such appellate jurisdiction *as may be provided by law.* The legislature has the power to grant, limit and withdraw additional appellate jurisdiction of this court, and to provide a procedure for the exercise of the jurisdiction granted. Our cases thoroughly covering this problem are found in *Cochran v. Amrine,* 155 Kan. 777, 130 P. 2d 605, and *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 452, 10 P. 2d 893.

"G. S. 1949, 62-1701 provides that an appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him, and upon the appeal any decision of the court may be reviewed.

"The pertinent portions of G. S. 1949, 62-1724 relating to perfecting appeals in criminal cases to the supreme court provide that a defendant may appeal at any time within six months from the date of the sentence by serving notice of appeal *on the county attorney of the county in which he was tried and filing the same with the clerk of the district court.* It is apparent that in order for a defendant to perfect an appeal in a criminal action so that this court may have jurisdiction to review the decision of the trial court or some intermediate order thereof, *not only is service of the notice of appeal on the county attorney in the county in which defendant was tried mandatory, but such notice, together with proof of service on the county attorney, must be filed with the clerk of the district court within the time provided by law.* Such has been the rule in this state since the early days. (*Carr v. State,* 1 Kan. 331; *State v. King,* 1 Kan. 466; *State v. Teissedre,* 30 Kan. 210, 2 Pac. 108; *Cochran v. Amrine,* supra, and cases therein cited.)" (p. 588.) (Emphasis added.)

Though the provisions of 62-1724, *supra,* first became effective on July 1, 1937, this court in dealing with prior statutes which related to the perfecting of an appeal in criminal actions used similar

language in *Cochran v. Amrine*, 155 Kan. 777, 130 P. 2d 605, where the court said:

". . . Nothing is accomplished by filing the notice of appeal with the clerk of the trial court unless there is service on the adverse party or his attorney of record. Neither is the service upon the adverse party or his attorney of any consequence unless proof of that, together with the notice of appeal, is filed with the clerk of the trial court. With variations, which need not be noted here, that has been the practice throughout the history of this state. We cite only a few of a great many cases which might be cited as bearing upon this point: *Carr v. State*, 1 Kan. 331; *State v. King*, 1 Kan. 466; *State v. Ashmore*, 19 Kan. 544; *McLean v. State*, 28 Kan. 372; *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 88 P. 2d 1041; *Protzman v. Palmer*, 155 Kan. 240, 124 P. 2d 455; *Dean v. Amrine*, 155 Kan. 513, 126 P. 2d 213." (p. 779.)

That this was the intention of the legislature is apparent from the provisions of 62-1724, *supra*. Subsection (*a*) of this section of the statute makes it mandatory upon the clerk of the district court to send a certified copy of the notice of appeal *with proof of service* to the Clerk of the Supreme Court within ten days after such notice is filed with him. Compliance with this statutory mandate would be impossible if the defendant, seeking to perfect an appeal, was not required to file proof of service of the notice of appeal upon the county attorney with the clerk of the district court within the time prescribed therein. The legislative intention is therefore clear, but through inadvertence the words "with proof of service" were apparently omitted at the point marked by an asterisk from the clause reading: ". . . he may appeal at any time within six months from the date of the sentence by serving notice of appeal on the county attorney of the county in which he was tried and filing the same [*] with the clerk of the district court; . . ."

We therefore hold, for a defendant to perfect an appeal in a criminal action under the provisions of G. S. 1949, 62-1724 (*a*), so that this court may have jurisdiction to review the decision of the trial court, not only is service of the notice of appeal on the county attorney in the county in which the defendant was tried mandatory, but such notice *together with proof of service on the county attorney must be filed with the clerk of the district court within the time provided by law.*

Proof of service of notice of appeal on the county attorney not having been filed with the clerk of the district court within six months after the date of the sentence, this court has no jurisdiction in the case at bar. The appeal is therefore dismissed.