No. 43,370

STATE OF KANSAS, *Appellee*, v. HERTHON LEOPARD, *Appellant*.

(382 P. 2d 330)

Opinion filed June 8, 1963.

*Herthon Leopard* appeared on the briefs *pro se*.

*Robert J. Foster*, county attorney, argued the cause, and *William Ferguson*, attorney general, *Robert Hoffman*, assistant attorney general, and *William L. Roberts*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant (appellant) Herthon Leopard was charged, tried and convicted in the district court of Wyandotte county of the crime of burglary in the second degree (G. S. 1949, 21-520). Defendant's motion for a new trial was overruled, and defendant was sentenced for a term of fifteen years in the Kansas State Penitentiary under the habitual criminal act (G. S. 1949, 21-107a) and in accordance with G. S. 1949, 21-523. A duly qualified attorney was appointed prior to the trial to represent defendant, and defendant had the benefit of counsel throughout the trial, at the hearing on his motion for a new trial, and at the time sentence was pronounced July 20, 1962.

A little more than two months after the sentence was imposed, the defendant, while confined in the state penitentiary, attempted *pro se* to take an appeal to this court by filing with the clerk of the district court of Wyandotte county a notice of appeal. This instrument reads:

"Take notice, that the above named defendant, hereby appeals to the Supreme Court of Kansas, from the judgments and all adverse findings and rulings made in the above entitled case. . . ."

This notice of appeal was signed by the defendant, but no service

of the notice of appeal was had on the county attorney and no proof of service filed with the clerk of the district court.

The defendant has filed an abstract and brief in this court, and the state has filed a counter abstract of the proceedings for the defendant, including the testimony in the case, and a brief.

The first question for this court to determine is its jurisdiction to hear the defendant's attempted appeal. The jurisdiction of this court to entertain an appeal is conferred by statute pursuant to Art. 3, Sec. 3 of our state constitution, and when the record discloses a lack of jurisdiction, it is the duty of this court to dismiss the appeal. (*State v. Shehi,* 185 Kan. 551, 553, 345 P. 2d 684.)

G. S. 1949, 62-1724, provides the method for a defendant to perfect an appeal to this court. The pertinent portion of this statute provides that a defendant may appeal at any time within six months from the date of the sentence by serving notice of appeal on the county attorney of the county in which he was tried and filing the same with the clerk of the district court.

In a criminal action a defendant accomplishes nothing by filing a notice of appeal with the clerk of the trial court unless service has been made on the county attorney as attorney for the state. This court has jurisdiction to hear appeals in criminal cases only if they are taken in the manner specified by the legislature (G. S. 1949, 62-1724.) In *State v. Sims,* 184 Kan. 587, 337 P. 2d 704, the precise question presented by this appeal was decided when this court held:

"Supreme court has no jurisdiction to entertain an appeal by a defendant in a criminal case, unless he first complies with G. S. 1949, 62-1724, by serving within time prescribed therein notice of appeal on the county attorney of the county in which he was tried, and filing the same, showing proof of such service, with the clerk of the district court."

(See, also, *State v. Combs,* 186 Kan. 247, 350 P. 2d 129; *State v. Shehi,* supra; *State v. Hanes,* 187 Kan. 382, 357 P. 2d 819.)

Since service of notice of appeal was not made on the county attorney as provided by law, this court has no jurisdiction in this action and the appeal is dismissed.

It is so ordered.