(599 P.2d 318)

No. 51,014

STATE OF KANSAS, *Appellee*, v. JOHN C. HENNING, *Appellant.*

Opinion filed August 31, 1979.

*Stanley R. Ausemus,* Chartered, of Emporia, for appellant.

*Karl W. Masoner,* deputy county attorney, *William T. North,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

*Per Curiam:* Defendant appeals from the trial court denial of his post-conviction motion for modification of sentence.

On December 30, 1976, a complaint was filed charging defendant with the commission of a burglary (K.S.A. 21-3715) on February 8, 1976. Defendant was convicted on April 13, 1977, upon his entry of a guilty plea. He was sentenced on April 25, 1977, to a two-to-ten years indeterminate term of imprisonment (K.S.A. 21-4501[*d*]). At the time of his conviction and sentencing, defendant was serving time in Colorado for another offense and had obtained disposition of the Kansas charge through the Uniform Mandatory Disposition of Detainers Act (K.S.A. 22-4301 *et seq.*). The Kansas sentence was ordered to be served consecutive to the Colorado sentence.

The motion that is the subject of this appeal was filed on February 15, 1978, 296 days after imposition of sentence. For reasons of no present importance, the material substantive hearing on the motion was held on March 26, 1979. The modification of sentence sought was not a reduction of the indeterminate term but was for an order directing that defendant's Kansas sentence run concurrently with his Colorado sentence. The authority relied upon for the proposed order was K.S.A. 1978 Supp. 21-4608(5).

Although not addressed by the parties, we are first confronted with the question of our jurisdiction to entertain this appeal which has been initiated by the filing of a notice of appeal on April 3, 1979. This is not a K.S.A. 60-1507 proceeding. It is clear that if this was a direct appeal from conviction and sentencing,

we would have no jurisdiction because defendant was convicted upon his guilty plea (K.S.A. 1978 Supp. 22-3602[*a*]) and his notice of appeal was not filed within 130 days following his sentencing (K.S.A. 22-3608[1]; K.S.A. 1978 Supp. 21-4603[2]).

In *In re Waterman,* 212 Kan. 826, 830, 512 P.2d 466 (1973), a case concerning the juvenile code, we find the following:

"The right to an appeal is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely. It lies within the legislative domain to determine from what orders or judgments an appeal may be taken. (*Kansas City v. Dore,* 75 Kan. 23, 88 Pac. 539; *City of Hutchinson v. Wagoner,* 163 Kan. 735, 186 P.2d 243; *Murrow v. Powell,* 167 Kan. 283, 205 P.2d 1193; *Evans v. George,* [162 Kan. 614, 178 P.2d 687].)"

In similar vein, it is said in *State v. Smith,* 223 Kan. 47, 48, 574 P.2d 161 (1977), a direct criminal appeal, that:

"The right of appeal is entirely a statutory right; no appellate review is required by the federal constitution, *Griffin v. Illinois,* 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, or the Kansas Constitution. (*State v. Hanes,* 187 Kan. 382, 357 P.2d 819; *Nall v. State,* 204 Kan. 636, 465 P.2d 957.) It is the established rule in this state that this court has no jurisdiction to entertain an appeal by defendant in a criminal case, unless he takes his appeal within the time prescribed by the statutes providing for such an appeal. (*State v. Sims,* 184 Kan. 587, 337 P.2d 704; *State v. Shores,* 185 Kan. 586, 345 P.2d 686; and *State v. Thompson and Pennington,* 221 Kan. 165, 558 P.2d 1079.) The supreme court has only such appellate jurisdiction as is conferred by statute pursuant to Article 3, Section 3, of the Kansas Constitution, and when the record discloses lack of jurisdiction, it is the duty of the supreme court to dismiss the appeal. (*State v. Shehi,* 185 Kan. 551, Syl. 1, 345 P.2d 684; *State v. Mitchell,* 210 Kan. 470, 502 P.2d 850; and *State v. Thompson and Pennington,* supra.)"

We find no legislative conferral of appellate jurisdiction for review of a trial court denial of a defendant's motion for modification of sentence filed more than 130 days after imposition of sentence. Accordingly, we conclude this appeal must be dismissed.

Even if we were to find or accept appellate jurisdiction on some basis found to be called for under unique circumstances (see, for example, *State v. Caldrone,* 218 Kan. 471, 543 P.2d 1028 [1975]; *Smith v. Miller,* 213 Kan. 1, 514 P.2d 377 [1973]; *Pauley v. Gross,* 1 Kan. App. 2d 736, 574 P.2d 234 [1977], *rev. denied* 223 Kan. clxxi [1978]), it would be of no benefit to this defendant.

Under K.S.A. 1978 Supp. 21-4603(2) the trial court's power to modify defendant's sentence expired on August 23, 1977, 120

days after its imposition. *State v. Thompson,* 221 Kan. 165, 166, 558 P.2d 1079 (1976). The trial court had no power to take the action sought.

Further, the effective date of the amendment to K.S.A. 21-4608(5), L. 1978, ch. 120, § 8, which extended permissible authorized sentencing to include direction that an imposed Kansas sentence run concurrently with another state's sentence for an offense committed prior to the defendant's Kansas sentence, was not effective until January 1, 1979. Retroactive application of the amendatory statute would be improper. The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. *Kelsey v. State,* 194 Kan. 668, 400 P.2d 736 (1965). Here, it was necessary that the penalty imposed for the February 8, 1976, burglary by defendant be within the sentencing statutorily authorized as of that date.

Appeal dismissed.