No. 45,462

WALTER F. NALL, Appellant, v. STATE OF KANSAS, *Appellee.*

(465 P. 2d 957)

Opinion filed March 7, 1970.

*Robert D. Beall,* of Leavenworth, argued the cause and was on the brief for the appellant.

*V. Lee Kraft,* Special Deputy County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *John C. Tillotson,* County Attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

· PRICE, C. J.: Petitioner appeals from an order denying his motion filed under K. S. A. 60-1507 to vacate his sentence of life imprisonment.

The background of the matter is this:

On April 10, 1961, petitioner, Walter F. Nall, was charged with the offense of murder in the first degree (K. S. A. 21-401). He waived his right to a preliminary examination. On April 25 Mr. Homer Davis of Leavenworth was appointed to represent him. On May 5 Mr. Joseph J. Dawes, Jr. of Leavenworth was appointed to assist Mr. Davis.· On a date not shown it appears that petitioner entered a plea of not guilty by reason of insanity. On August 31, pursuant to K. S. A. 62-1531, a commission of three medical doctors was appointed to examine petitioner to determine his sanity and ability to stand trial. They made such examination and on September 15 filed a written report stating that petitioner was sane and that he was able to comprehend his position and to make his defense. On November 22 the court entered an order to the effect that the sheriff was to make petitioner available for psychiatric examination and the Menninger Clinic of Topeka was authorized

to examine petitioner at its convenience. No such examination was made.

On January 23, 1962 petitioner appeared in court with Mr. Davis and Mr. Dawes, his appointed counsel. Mr. Davis announced that petitioner desired to enter a plea of guilty to the charge of murder in the first degree. Upon close questioning by the court petitioner stated that he had been in conference with his counsel; that he understood what he was doing; that he desired to withdraw his former plea of not guilty by reason of insanity and to enter a plea of guilty, and that he was pleading guilty because he felt he was guilty.

The plea of guilty was accepted—and, upon formal allocution—petitioner stated that he had no legal cause or reason to offer why judgment should not be pronounced.

Pursuant to K. S. A. 21-403 the court then heard evidence as to the facts of the homicide for the purpose of determining sentence. This evidence consisted of the testimony of the officer who questioned petitioner following his arrest—and of three voluntary written statements made by him. (In brief, we are told that petitioner—in a hold-up, shot a taxicab driver twice in the back of the head with an automatic pistol.) Counsel for petitioner stated there was no objection to this evidence for the purpose for which it was being offered, and that petitioner had no evidence to offer. A short recess was taken, following which the court imposed the sentence of life imprisonment (K. S. A. 21-403).

Petitioner was not advised by the court that he had a right to appeal.

In August 1967 petitioner, *pro se,* filed a motion to vacate and set aside the sentence imposed on January 23, 1962. The motion was set for hearing, and Mr. Robert D. Beall of the Leavenworth bar, was appointed to represent him. Mr. Beall filed an amended motion setting out fourteen grounds for relief.

An evidentiary hearing was held at which petitioner was present in person and by counsel. Other than the testimony of Mr. Dawes as to his representation of petitioner and events leading up to the plea of guilty—the record does not disclose what other evidence, if any, was introduced by either side at the hearing. At the conclusion thereof the court made findings setting forth facts as heretofore related. Its conclusions were that petitioner's plea of guilty was freely and voluntarily entered; that the judgment and sentence were

valid and not subject to collateral attack; that petitioner had waived his right to be represented by counsel on an appeal from the judgment and sentence, and that there had been no denial or infringement of petitioner's constitutional rights. Relief was denied. Mr. Beall was appointed to represent petitioner in this appeal from that ruling.

Only two contentions are made.

The first concerns the fact petitioner was not examined by a psychiatrist—the argument being that due to the course of events—including the report of the commission of the three medical doctors—he found himself in the position of having no alternative than to enter a plea of guilty and throw himself on the mercy of the court rather than run the risk of the death penalty being imposed by a jury, and it is argued that no determination was ever made as to his mental condition at the time of the offense.

Mental competency at the time of commission of an offense—if raised—is to be determined by the trier of the facts upon a trial. Mental competency to stand trial—if raised—is another matter (*Van Dusen v. State*, 197 Kan. 718, 421 P. 2d 197), and may be determined in the manner followed here—by the appointment of a commission of medical doctors. Further, the law does not require that a psychiatrist be a member of the commission (*State v. Hickock & Smith*, 188 Kan. 473, 481, 363 P. 2d 541, cert. den. 373 U. S. 544, 10 L. ed. 2d 688, 83 S. Ct. 1545). By voluntarily pleading guilty petitioner waived his right to have his mental capacity at the time of the commission of the offense determined by a jury. Some mention also is made of the written statements given by petitioner to the officers following his arrest. When he voluntarily entered his plea of guilty the question whether those statements in the nature of a confession would have been admissible at trial became irrelevant (*State v. Brown*, 204 Kan. 430, 464 P. 2d 161).

The other contention is that petitioner's constitutional rights were denied by the failure of the court to advise him of his right to appeal. There are several answers to this argument. One is that the right is not guaranteed by the constitution (*Ware v. State*, 198 Kan. 523, 426 P. 2d 78). At the time of this plea of guilty there was no statute which required the court to advise a defendant of his right to appeal. Furthermore, as has been said in recent decisions—what was there to appeal from? (*Sharp v. State*, 203 Kan. 937, 943, 457 P. 2d 14; *Mathues v. State*, 204 Kan. 204, 209, 460

P. 2d 545.) Petitioner made no attempt to appeal and does not allege he desired to appeal. At the time he entered his plea of guilty he was represented by two competent counsel—one of whom (Mr. Davis) was an attorney of many years experience in criminal law. Petitioner's contention on this point is patently without merit.

The trial court's findings and conclusions in denying relief are fully supported by the record. The judgment is affirmed.