No. 48,493

State of Kansas, *Appellee*, v. Warren Smith, *Appellant.*

(574 P.2d 161)

Opinion filed November 5, 1977.

*Hugh R. McCullough,* assistant public defender, argued the cause and was on the brief for the appellant.

*Donald P. Morrison,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

*Per Curiam:* This is a direct appeal in a criminal action in which the defendant-appellant, Warren Smith, was tried by a jury and convicted of aggravated robbery. (K.S.A. 21-3427.)

At the outset we are asked to determine whether appellant has perfected his appeal within the statutory time giving this court jurisdiction to hear the case. It is the position of the state that the appellant has waived his right to appeal. The record discloses that defendant Smith was convicted of aggravated robbery on March 22, 1974. Sentence was imposed on April 11, 1974. No appeal was taken by defendant from the order of April 11, 1974.

On September 5, 1974, some 147 days after the original sentencing, the Court entered an order stating in part, "The Court . . . vacates the sentence of April 11, 1974. . . ." This order of the trial court was based largely on a report from the Kansas Reception and Diagnostic Center finding that the defendant was in need of psychiatric care and treatment.

K.S.A. 22-3608 provides:

". . . (1) If sentence is imposed, the defendant may appeal from the judgment of the district court not later than ten days after the expiration of the district court's power to modify the sentence. . . ."

The district court has 120 days to modify the sentence as provided by K.S.A. 1976 Supp. 21-4603(2). Therefore, under the typical statutory scheme the defendant has a maximum of 130 days from time of sentencing to file his notice of appeal.

The order of September 5, 1974, purporting to vacate the sentence of April 11, 1974, also referred the defendant to Larned State Security Hospital pursuant to K.S.A. 22-3430 for a mental evaluation and treatment. On December 12, 1975, the court found the defendant was no longer in need of psychiatric care and

treatment and again sentenced the defendant to the custody of the Secretary of Corrections, pursuant to K.S.A. 22-3431. The defendant then filed his notice of appeal on December 30, 1975. This notice was well within 130 days from the second sentencing but over 20 months from the time of original sentencing.

The right of appeal is entirely a statutory right; no appellate review is required by the federal constitution, *Griffin v. Illinois,* 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, or the Kansas Constitution. *(State v. Hanes,* 187 Kan. 382, 357 P.2d 819; *Nall v. State,* 204 Kan. 636, 465 P.2d 957.) It is the established rule in this state that this court has no jurisdiction to entertain an appeal by defendant in a criminal case, unless he takes his appeal within the time prescribed by the statutes providing for such an appeal. *(State v. Sims,* 184 Kan. 587, 337 P.2d 704; *State v. Shores,* 185 Kan. 586, 345 P.2d 686; and *State v. Thompson and Pennington,* 221 Kan. 165, 558 P.2d 1079.) The supreme court has only such appellate jurisdiction as is conferred by statute pursuant to Article 3, Section 3, of the Kansas Constitution, and when the record discloses lack of jurisdiction, it is the duty of the supreme court to dismiss the appeal. *(State v. Shehi,* 185 Kan. 551, Syl. 1, 345 P.2d 684; *State v. Mitchell,* 210 Kan. 470, 502 P.2d 850; and *State v. Thompson and Pennington,* supra.)

No appeal having been taken within the statutory time from the order of April 11, 1974, this court is without jurisdiction.

The appeal is dismissed.