(666 P.2d 1209)
No. 55,115

THE CITY OF WICHITA, KANSAS, A Municipal Corporation, *Appellee,* v. PHILIP J. MESLER, *Appellant.*

Opinion filed July 28, 1983.

*Kiehl Rathbun,* of Wichita, for appellant.

*John Dekker* and *Douglas J. Moshier,* of Wichita, for appellee.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

MEYER, J.: Defendant-appellant Philip J. Mesler (defendant) brings this appeal from an order of the District Court of Sedgwick County, Kansas, dismissing his appeal to that court from the Municipal Court of the City of Wichita, Kansas.

On July 24, 1981, defendant was convicted in the Municipal Court of the City of Wichita, Kansas, of the offense of driving under the influence of liquor, contrary to Section 11.38.150(a) of the Wichita City Code.

On August 28, 1981, he was sentenced to a term of 30 days in jail, fined $150.00, and taxed $10.50 as costs. The judge thereupon paroled defendant from the imprisonment and from $50.00 of the fine, and imposed restrictions on his driver's license for sixty days.

Defendant filed with the municipal court his notice of appeal from this conviction and sentence on September 9, 1981. It showed plainly on its face that it was out of time, pursuant to the ten-day rule of K.S.A. 22-3609(2). For this reason, it was not accepted by the clerk. It is not with this rejection of his appeal to the district court that defendant takes issue.

At some later time, exactly when is unclear, defendant verbally requested the municipal court to make a modification in his sentence. This motion was heard on March 2, 1982, before a different municipal judge than had presided at defendant's trial. The municipal court on that date "modified" defendant's sentence by reducing the fine $10.00 and by extending the date on which the fine was due. The court specifically denied defendant's request for "resentencing."

Defendant filed with the municipal court a notice of appeal from the March 2 order on that same day. The City responded with a motion to dismiss, directed to the district court, alleging that the appeal was out of time. On August 16, 1982, that motion came on for hearing in the district court. On that date, the district court sustained the City's motion, and dismissed defendant's appeal as untimely. It is with this dismissal by the district court of his appeal from his sentence in the municipal court, that defendant takes exception.

The single issue on this appeal is whether the municipal court's order of March 2, 1982, which modified defendant's original sentence by reducing it, renewed defendant's right to appeal from his original conviction. It is conceded that defendant's first attempt at appeal was properly dismissed.

Relevant case law makes it apparent that if defendant is to have a right to appeal, that right must be granted by some statute.

"The right of appeal is entirely a statutory right; no appellate review is required by the federal constitution, *Griffin v. Illinois,* 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, or the Kansas Constitution. (*State v. Hanes,* 187 Kan. 382, 357 P.2d 819; *Nall v. State,* 204 Kan. 636, 465 P.2d 957.)" *State v. Smith,* 223 Kan. 47, 48, 574 P.2d 161 (1977).

The statute authorizing appeals from the municipal courts to the district courts is K.S.A. 22-3609 (since amended), which, at the time of defendant's motion, provided as follows, in pertinent part:

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. Such appeal shall be assigned by the administrative judge to a district judge or associate district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than 10 days after the date of the judgment appealed from."

The cases interpreting the above statute consistently hold that the requirement of subsection (2), that a notice of appeal must be filed in the municipal court within 10 days of the date of the judgment appealed from, is jurisdictional in nature. The failure to properly and timely file a notice of appeal is thus a jurisdictional defect, which cannot be waived by the courts. *City of Bonner Springs v. Clark,* 3 Kan. App. 2d 8, 10, 588 P.2d 477 (1978), and *City of Overland Park v. Nikias,* 209 Kan. 643, 648, 498 P.2d 56 (1972).

Subsection (1) of K.S.A. 22-3609 defines those judgments of the municipal court which may be appealed to the district court. To be appealable, a judgment must meet one of two criteria: It must be one which either "adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas" or "imposes a sentence of fine or confinement or both." Thus, to be appealable, the municipal court's order of March 2, 1982, must meet one of these criteria. The March 2 order does not adjudge defendant guilty of any crime; that action occurred on July 24, 1981. The question remaining is whether the March 2 order "imposes a sentence of fine or confinement or both."

Defendant contends that the March 2 order imposed a new sentence on him, thus eradicating his original sentence. Under defendant's construction, that order would be appealable pursu-

ant to K.S.A. 22-3609. The City contends that the March 2 order merely modified defendant's sentence of August 28, and was not a new sentence in and of itself. Under this construction, the March 2 order did not impose anything, as sentence had been imposed earlier, and thus that order could not be appealed under K.S.A. 22-3609.

The issue here is one of statutory construction and semantics: Did the March 2 order "impose" a newly created sentence or did it merely "modify" an existing one?

Webster's Third New International Dictionary (1976) defines "impose" as follows: "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforcible . . . ." (p. 1136). That same source authority defines "modify" as: "to make more temperate or less extreme: lessen the severity of . . . to make minor changes in the form or structure of: alter without transforming . . . ." (p. 1452). And "modification" is defined as: "the act or action of changing something without fundamentally altering it . . . ." (p. 1452).

Utilizing these definitions, it is our opinion that the March 2 order was not an appealable judgment. That order imposed no new penalties, but merely altered the penalties previously imposed. This alteration did not affect the merit of the underlying judgment of guilt; nor did it make any changes in the substance of the sentence which was imposed, based on that judgment of guilt, on August 28, 1981. The sole and net effect of the March 2 order was to lessen the severity of the existing sentence, by reducing the amount of fine due and by extending the time in which that fine was to be paid.

As well as being in conformity with the definitions of the words "impose" and "modify," the City's construction is also supported by the obvious intention of the municipal court, as expressed in the plain language of that court's March 2 order:

"Now, on this 2nd day of March, 1982, this matter comes on for hearing on Motion of the defendant for modification of his sentence.

"The Court, after being well and duly advised, finds that the *defendant's request for re-sentencing is denied. The Court, however, modifies the sentence imposed herein* by reducing the fine $10.00, and extending the time to pay until the 31st day of March, 1982.

"It Is So Ordered." (Emphasis added.)

We hold that an order by a municipal court, reducing a legal

sentence which was imposed by that court at some earlier date, is not itself a new sentence, but is instead simply a modification of the existing sentence. Such an order does not impose a sentence of fine or confinement or both, and so is not an appealable judgment under K.S.A. 22-3609.

From this holding we conclude that since the municipal court's order of March 2 was such an order, it was a modification of an existing sentence, and not a new judgment. Thus, that order did not give defendant a new right to appeal under K.S.A. 22-3609. Our holding herein is consistent with the definitions of the terms used in that statute, and with the clear intention of the municipal court, as reflected in its order. Defendant was convicted and sentenced in the municipal court. His first attempt to appeal therefrom was obviously and admittedly dilatory, and was correctly rejected. At some point thereafter defendant moved the court for a reduction of his sentence. The municipal court acceded to defendant's request. This discretionary action by the court, favorable to defendant and initiated at his request, did not cure the jurisdictional defect in his previous attempt at appeal. The district court did not err in dismissing defendant's second attempt at appeal.

Affirmed.