No. 41,312

Billy Merle Trinkle, *Petitioner*, v. Tracy A. Hand, Warden of the Kansas State Penitentiary, *Respondent*.

(337 P. 2d 665)

Opinion filed April 11, 1959.

*Billy Merle Trinkle, pro se.*

*John A. Emerson,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

Parker, C. J.: Following the granting of his application to proceed as an indigent person petitioner, who was prosecuted, convicted and sentenced in the district court of Linn County for the crime of forcible rape, in violation of G. S. 1949, 21-424, and is now confined in the state penitentiary under such sentence, commenced this original proceeding in habeas corpus in this court by filing a petition, charging in substance that his imprisonment is illegal and he is entitled to a writ directing his release from the penitentiary because the district court denied him a transcript of the record necessary and required for purposes of his appeal from the judgment and sentence.

The issues presented are limited to questions just indicated, hence this opinion will be restricted to their decision without reference to, or determination of, rights of the parties in connection with other matters which are not properly before us.

The record, so far as it relates to facts pertinent to the issues, discloses that on some date not stated, but soon after his conviction, petitioner filed a motion in district court, supported by his affidavit, all of which were subsequently found by the district judge "to be in due form so far as drafted papers are concerned," asking that he be furnished with a transcript of the record, for purposes of an appeal, at the expense of the county, as provided for by G. S. 1957 Supp., 62-1304, as an indigent person; that thereafter the judge

gave consideration to the motion and, upon review of the record, found petitioner had a fair trial, that the evidence was overwhelming against him, that he was not acting in good faith in attempting to appeal, but motivated by a vexatious purpose, and that any appeal from the judgment and sentence would be without merit. Based on these findings such judge denied petitioner's request for an order directing that he be furnished a transcript at public expense and notified him accordingly. The instant proceeding followed.

In approaching questions raised by the parties it may be noted that, since the district judge found the application and supporting affidavit were in due form and made no finding petitioner was not an indigent person, it must be assumed denial of his application for a free transcript was based solely on the ground he was not acting in good faith in attempting to appeal from the judgment and sentence.

Thus it appears the principal, if not the all decisive, question involved in this proceeding is whether, under the existing facts and circumstances and controlling decisions, petitioner's legal rights were infringed upon by reason of having been denied a free transcript.

Petitioner's position, citing *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, which we pause here to note is also reported in 55 A. L. R. 2d 1055, is that, under the existing facts and circumstances, the action of the district court in denying him a free transcript, coupled with his affidavit that he was contemplating taking an appeal in good faith, resulted in a violation of his constitutional rights under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

Respondent's position on the same point can be best stated by quoting from its brief, which reads:

"Petitioner cites the case of *Griffin v. People of the State of Illinois*, 351 U. S. 12, 100 L. Ed. 891, 66 S. Ct. 585 (1956) as authority for the proposition that a free transcript of conviction proceedings must be furnished to a convicted felon attempting to appeal but without funds to pay for such transcript.

"Such contention is not well taken, as the only issue in the *Griffin* case was the refusal to afford full appellate review *solely* because of poverty. It was therein held that the State's denial of appellate review *solely* on account of the defendant's inability to pay for a transcript was a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

"Our statute, G. S. 1949, 62-1304, was amended by the 1957 Legislature

to comply with the mandate of the *Griffin* case. The following language was added:

"'(*b*) Any person convicted of any felony shall be entitled to appeal such conviction to the Supreme Court without cost to such defendant: *Provided,* That the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same. The Court shall upon determining that the defendant has acted in good faith, order the transcript made at the expense of the county, such expense to be payable from the general county fund.'

"Section 62-1304, as amended, clearly does not deny a convicted defendant of his right to appeal solely because of his inability to pay for a transcript. It does, however, put the defendant to the test of good faith, which is a reasonable requirement and not in violation of the mandate of the *Griffin* case. Without such requirement of good faith, convicted felons could obviously make a mockery of the law by prosecuting completely groundless appeals with no hope of success, other than vexation of the State of Kansas and its officials."

In all fairness it should be stated, it appears the order of the district judge denying the transcript, which sets forth at length the sordid and here unprintable facts on which petitioner was convicted, was made in full and complete accord with the intent and requirements of our statute (G. S. 1957 Supp., 62-1304). Even so, and assuming arguendo that the respondent's position with respect to the import to be given the Griffin case is correct, it does not follow that such order can be approved or that respondent's contentions with respect thereto upheld.

Article VI of the Constitution of the United States provides in part as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby."

In passing it should be noted that under this constitutional mandate the interpretation placed on the Constitution and laws of the United States by the decisions of the supreme court of the United States is controlling upon state courts and must be followed. This we may add is true regardless of views of state courts even though such decisions are inconsistent with their prior decisions. See, e. g. *Krouse v. Lowden,* 153 Kan. 181, 109 P. 2d 138, certiorari denied 314 U. S. 633, 86 L. Ed. 508, 62 S. Ct. 67; rehearing denied 314 U. S. 710, 86 L. Ed. 566, 62 S. Ct. 174. See, also, 14 Am. Jur., Courts, 336 § 117; 11 Am. Jur., Constitutional Law, 740 § 104; 16 C. J. S., Constitutional Law, 300 § 93; 21 C. J. S., Courts, 365 § 206; *Ritchie v. Johnson,* 158 Kan. 103, 144 P. 2d 925.

On June 16, 1958, more than a year after its decision in the Griffin case, and we may. add almost a year after our statute (G. S. 1957 Supp., 62-1304) was. amended in the particulars heretofore noted, the supreme court of the United States handed down another decision, Eskridge v. Washington State Board, 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061, dealing with a situation which, from the standpoint of facts, issues and legal principles involved, must be regarded as a controlling precedent in the case at bar. The controlling facts of the case are set forth and may be found in the reported decision, hence we shall not attempt to here detail them at length. It suffices to say that in that case a defendant who had been convicted of crime in the State of Washington, sought and obtained review of decisions by the Washington courts denying his application to require the trial judge to furnish him with a transcript of the record for the prosecution of his appeal as an indigent defendant under a statute which, for all practical purposes, may be said to be the same as our own. The trial judge, to whom the application was first presented, had denied such application, based on a finding that "justice would not be promoted . .. . in that defendant has been accorded a fair and impartial trial and in the court's opinion no grave or prejudicial errors occurred therein." Ultimately Eskridge applied for habeas corpus in the Washington supreme court, charging that failure to furnish a free transcript of the proceedings had violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and his petition was denied without opinion. In holding that action was erroneous the Supreme Court of the United States, with respect to what we deem to be the same issue as is now before us, said and held:

". . . In Griffin v. Illinois, 351 U. S. 12, 100 L. ed. 891, 76 ·S. Ct. 585, we held that a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials. We hold that Washington has denied this constitutional right here. The conclusion of the trial judge that there was no reversible error in the trial cannot be an adeqaute substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the Griffin case, we do hold that, '[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.' Griffin v. Illinois, 351 U. S. 12, 19, 100 L. ed. 891, 76 S. Ct. 585." (Eskridge v. Washington State Board, 2 L. ed. 2d 1271.)

It must be conceded that under the established law of this state all defendants who have been convicted of crime may, if they have the money to pay for it, procure a transcript of the record for purposes of appellate review, without regard to whether they intend in good faith to take an appeal. Moreover, it cannot be denied that, under the provisions of 62-1304, *supra,* an indigent defendant cannot obtain a free transcript without first establishing to the satisfaction of the trial court that he intends in good faith to take an appeal and that the transcript is necessary to enable him to prosecute it.

So here, based on what we deem to be the clear and unequivocal holding of the highest court of the land in the Eskridge case, we are constrained to hold that, under the heretofore related facts and circumstances, and nothwithstanding the provisions of 62-1304, *supra,* the petitioner should have been furnished a transcript of the record in order to insure him of the right to the full appellate review available to all defendants in this jurisdiction who could afford the expense of a transcript.

As we construe the holding of the supreme court of the United States in the decision last above mentioned the conclusion just announced does not expiate the crime for which petitioner was convicted. Nor does it entitle him to the issuance of a writ releasing him from the custody of the respondent under the judgment and sentence. However, in the face of the record as presented, it does mean that he is entitled to be furnished with the transcript. Therefore, assuming that the Attorney General, who represents the respondent, and is the chief law enforcement officer of the state, will see to it that petitioner is furnished with such transcript by the proper officials of Linn County as soon as reasonably possible, the present application for a writ of habeas corpus is denied.

It is so ordered.