NOT DESIGNATED FOR PUBLICATION

No. 118,849

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD L. CLEMMONS,
*Appellant*,

v.

KANSAS SECRETARY OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed June 29, 2018.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, of Kansas Department of Corrections, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM:  Edward L. Clemmons is serving a Kansas prison sentence in Illinois under the Interstate Corrections Compact (ICC), K.S.A. 76-3001 et seq. Clemmons filed a pro se motion for a mandatory injunction in the district court alleging that his continued confinement in Illinois caused him atypical and significant hardship and requesting that the court order the Kansas Secretary of Corrections (Secretary) to return him to Kansas. The district court construed Clemmons' motion as a request for habeas corpus relief under K.S.A. 2017 Supp. 60-1501 and dismissed the motion on grounds that Clemmons had not been deprived of a protected liberty interest. For the reasons stated below, we affirm.

1

FACTS

Clemmons was committed to the Kansas Department of Corrections (KDOC) on August 15, 1984. Under the ICC, the KDOC transferred Clemmons to the Illinois Department of Corrections on April 6, 1995, where he has been incarcerated ever since.

On January 23, 2017, Clemmons filed a pro se motion for a mandatory injunction under K.S.A. 60-902. In the motion, Clemmons noted that he had been housed in the Illinois Department of Corrections for more than 21 years under the ICC, and that he had been in a protective custody unit since 2003 due to threats and attacks from prison gang members. Clemmons claimed that his continued confinement in Illinois imposed "atypical and significant hardships" in relation to "the ordinary incidents of prison life in the Kansas Department of Corrections." Clemmons asserted that these hardships included: a lack of safety; a lack of access to current and updated Kansas law; a lack of programs and work assignments; and severed family ties, as visitation was difficult for family members living in three different states outside Illinois. Clemmons argued that his ICC transfer and continued confinement in Illinois was a segregation punishment without the proper due process protections required by an administrative segregation review board and was a "total pretense, malicious, and retaliatory." Clemmons asked the court to order the Secretary to discontinue housing him in Illinois and to transfer him to a Kansas correctional facility.

The district court later issued a memorandum decision and order summarily dismissing Clemmons' motion. Based on the nature of Clemmons' claims, the court treated his motion as a request for habeas corpus relief under K.S.A. 2017 Supp. 60-1501. Relying on the United States Supreme Court's ruling in *Olim v. Wakinekona*, 461 U.S. 238, 244-48, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983), the district court concluded that Clemmons' confinement in Illinois under the ICC did not deprive him of any protected liberty interest. Clemmons timely appeals.

2

Clemmons argues the district court erred in dismissing his motion for a mandatory injunction for two reasons. First, Clemmons contends the court improperly construed his motion as a request for habeas corpus relief under K.S.A. 2017 Supp. 60-1501. Second, he asserts that even if the court properly construed his motion, the court erred in summarily dismissing it without conducting an evidentiary hearing. We address each allegation in turn.

*Construction of Clemmons' motion*

Under Kansas law, pro se pleadings are to be construed liberally. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). As such, Kansas courts give effect to the pleading's content rather than labels and forms used to communicate the petitioner's arguments. A petitioner's failure to cite the correct statutory grounds for his or her claim is immaterial. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (K.S.A. 60-1507 motion construed as a request for DNA testing under K.S.A. 21-2512). Whether a district court correctly construed a pro se pleading is a question of law subject to de novo review. *State v. Ditges*, 306 Kan. 454, 456, 394 P.3d 859 (2017).

Clemmons sought injunctive relief under K.S.A. 60-902, which provides:

"When it appears by a verified pleading or affidavit that a party is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to a party; or when during the litigation it appears that a party is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of a party's rights respecting the subject of the action, or tending to render the judgment ineffectual, an order may be granted to restrain such act."

But the district court found that Clemmons' motion challenging his transfer from Kansas to an Illinois correctional facility amounted to a request for habeas corpus relief under K.S.A. 2017 Supp. 60-1501. "[A] 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211 (1994); see *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868, 90 P.3d 961 (2004) (petition properly treated as request for habeas corpus relief under K.S.A. 60-1501 where petitioner made general complaints about conditions of confinement). Notably, a prisoner may request habeas corpus relief in Kansas despite being confined in another state. Although K.S.A. 2017 Supp. 60-1501(a) requires a prisoner's physical presence in Kansas, inmates confined in another state under the ICC "shall at all times be subject to the jurisdiction of the sending state." K.S.A. 76-3002, Article IV(c). Further, "confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." K.S.A. 76-3002, Article IV(e). Thus, Clemmons' confinement in Illinois would not have prevented him from filing a petition under K.S.A. 2017 Supp. 60-1501.

Clemmons contends the district court's finding that his motion was a request for relief under K.S.A. 2017 Supp. 60-1501 was based on an incorrect assumption that the *place* of confinement is a *condition* of confinement. Clemmons claims that his real complaint involved the Secretary's use of the ICC to "continually exclude him from KDOC facilities for the remainder of his life, and thereby severely curtail, or even eliminate, his remaining liberty interests here." Clemmons asserts that injunctive relief from ICC placement is unavailable under K.S.A. 2017 Supp. 60-1501.

While Clemmons labeled his motion as a motion for mandatory injunction under K.S.A. 60-902, the essence of Clemmons' complaint involves his continued confinement in Illinois and how the conditions there cause "atypical and significant hardships" by affecting his safety, his lack of access to Kansas law, the lack of programs and work

4

assignments, and his family's ability to visit. Moreover, Clemmons raised a due process argument in his motion, claiming that his transfer under the ICC required a unanimous vote by an administrative segregation review board. Such arguments are commonly raised in habeas corpus proceedings. See *Schuyler v. Roberts*, 285 Kan. 677, 682, 175 P.3d 259 (2008) (protected liberty interest under K.S.A. 60-1501 may arise upon showing that restraint by prison authorities is "atypical and a significant hardship on the inmate"); *Safarik*, 20 Kan. App. 2d at 66-67 (K.S.A. 60-1501 petition is proper way to challenge administrative actions of a penal institution). "Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se." *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). The district court correctly treated Clemmons' motion as a request for relief under K.S.A. 2017 Supp. 60-1501.

*Failure to state a claim under K.S.A. 2017 Supp. 60-1501*

To state a claim for relief under K.S.A. 2017 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). If, on the face of the petition, it can be established that the petitioner is not entitled to relief, then summary dismissal is proper. 289 Kan. at 648; see K.S.A. 2017 Supp. 60-1503(a). We review a district court's summary dismissal of a petitioner's K.S.A. 2017 Supp. 60-1501 claim independently, with no required deference to the district court. *Johnson*, 289 Kan. at 649. When reviewing a district court's summary dismissal for failure to state a claim, the appellate court must accept as true the allegations in the petition to determine whether the facts alleged and the reasonable inferences that can be drawn from them state a claim for relief. *Schuyler*, 285 Kan. at 679.

Courts apply a two-step analysis to alleged due process violations: "The first inquiry is whether the State has deprived [the inmate] of life, liberty, or property. If there

5

has been a deprivation through State action, we must next determine the extent and nature of the process due." *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005). "A protected liberty interest may arise when prison authorities impose a restraint on a prisoner's already quite-limited freedom, and the restraint is atypical and a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Schuyler*, 285 Kan. at 682.

Clemmons argues that his continued mistreatment as a prisoner in Illinois deprives him of his right to maintain his family connections, his right to current Kansas legal materials, and his right to a safe environment. Clemmons suggests that such mistreatment is contrary to the KDOC's policies and contrary to the ICC's stated purpose and policy of providing "'adequate programs for the confinement, treatment and rehabilitation'" of offenders. Claiming that the conditions in Illinois prisons are "vastly different" from those in Kansas, Clemmons alleges that his lengthy and continued confinement in Illinois under the ICC constitutes an atypical hardship in relation to ordinary incidents of prison life in a KDOC facility.

As determined by the district court, however, an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause. See *Olim*, 461 U.S. at 244-48; *Lynn v. Simmons*, 32 Kan. App. 2d 974, 980-81, 95 P.3d 99 (2003). In reaching this conclusion, the *Olim* Court reasoned:

> "Just as an inmate has no justifiable expectation that he [or she] will be incarcerated in any particular prison within a State, he [or she] has no justifiable expectation that he [or she] will be incarcerated in any particular State. Often, confinement in the inmates' home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his [or her] sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers. For any number of reasons, a State may lack prison facilities capable of providing appropriate correctional programs for all offenders.

6

. . . .

"In short, it is neither unreasonable nor unusual for an inmate to serve practically his [or her] entire sentence in a State other than the one in which he [or she] was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his [or her] sentence in his [or her] home State." 461 U.S. at 245-47.

Clemmons acknowledges the holding in *Olim*, but notes that three Justices dissented from the majority opinion and suggests that the current Court may reach a different result with respect to the ICC at issue here. But Clemmons cites no authority suggesting any intention on the part of the United States Supreme Court to depart from its holding in *Olim*. Thus, we are bound by the Court's decision. See *Trinkle v. Hand*, 184 Kan. 577, 579, 337 P.2d 665 (1959) (interpretation placed on Constitution and laws of United States by decisions of United States Supreme Court is controlling upon state courts and must be followed).

Because Clemmons has not suffered the deprivation of a protected liberty interest, the district court's summary dismissal of his motion was proper.

Affirmed.